THE MERCHANTS' DESPATCH TRANSPORTATION COMPANY

*v.*

JOHN LEYSOR.

1. CARRIER—*limitation of liability.* The right of a carrier to limit its common law liability by contract, if made fairly and advisedly on behalf of the shipper, can not be denied; but the mere fact that the bill of lading given contains a clause exempting the carrier from loss of the goods by fire, can not be held conclusive of such a contract.

2. If a shipper, with full knowledge of the terms and conditions of a bill of lading given for goods to be transported, assents to and accepts the same as the contract under which the goods are shipped, then the bill of lading will constitute a binding contract, which will control the rights and liabilities of the parties. Whether the shipper knows the terms and conditions of a bill of lading, and assents to the same, is a question of fact for the jury.

3. SAME—*restriction of liability in bill of lading not assented to by shipper.* Where the shipper of goods has no knowledge that the bill of lading given

contains a provision releasing the carrier from liability for loss by fire, and the goods are destroyed by fire before reaching their destination, and while in the custody of the carrier, the latter will be liable to the owner for their value.

4. DEPOSITION—*mistake in name of party*. Where suit was brought against the "Merchants' Despatch Company," and a deposition taken on behalf of the plaintiff, together with the notice of the same, was in the same name, and afterwards, by leave of court, the summons was amended so as to describe the defendant as the "Merchants' Despatch Transportation Company," it was *held*, that under the circumstances the slight mistake in the defendant's name in the notice and in the deposition, was not a sufficient error to exclude the deposition as evidence.

5. SAME—*objection to misnomer of party must be taken before trial.* A mere formal objection to a deposition, such as a slight mistake in the corporate name of the defendant, must be urged by motion to suppress, before the case is called for trial. After trial, the objection comes too late.

6. SAME—*specific objection must be made to answers giving a mere legal opinion.* The opinion of a witness given in a deposition as to the liability of a carrier under a bill of lading, is not competent testimony, but a specific objection should be made to the same on the trial. It comes too late when made in this court for the first time.

7. PRACTICE—*time to object to evidence.* This court will not inquire whether declarations of an agent are competent to establish a promise to pay, where the record fails to show that the other party objected to the introduction of evidence of them.

8. EVIDENCE—*declarations of agent.* Where the fact of agency has been proved, either expressly or presumptively, the act of the agent, co-extensive with his authority, is the act of the principal, and whatever the agent says within the scope of his authority, the principal says, and evidence may be given of such acts and declarations as if they had been actually done and made by the principal himself.

9. Where a general agent of a common carrier, with power to settle and adjust losses, makes a promise to pay for a loss upon a certain contingency, evidence of such promise is proper for the consideration of the jury in a suit against the carrier for a loss of goods shipped.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. J. H. YAGER, for the appellant.

Mr. CHARLES P. WISE, for the appellee.

Mr. Chief Justice Craig delivered the opinion of the Court:

This was an action, brought by John Leysor against The Merchants' Despatch Transportation Company, to recover the value of certain goods which the plaintiff purchased in New York and shipped to Alton, in this State, on defendant's freight line. The goods, while *in transitu*, were destroyed by fire in Chicago, in the fall of 1871.

The bill of lading, read in evidence, contained a provision exempting the company from loss occasioned by fire. The right of the defendant to limit its common law liability by contract, if made fairly and advisedly on behalf of the shipper, can not be successfully denied; but the mere fact that the bill of lading contained a printed clause exempting the company from loss of the goods arising from fire, can not be held conclusive. If the shipper, with full knowledge of the terms and conditions of the bill of lading, had assented to and accepted the same as the contract under which the goods were shipped, between him and the company, then the bill of lading would have been a binding contract, which would control the rights and liabilities of the parties. But whether the shipper knew of the terms and conditions of the bill of lading, and assented to its conditions and restrictions, was a question of fact for the jury, to be determined from the evidence, as was held in *Field* v. *Chicago and Rock Island R. R. Co.* 71 Ill. 458.

The testimony introduced on the trial is clear and uncontradicted that the shipper had no knowledge whatever that the bill of lading contained a provision releasing the company from loss occasioned by fire. The proof is clear that the goods were shipped on defendant's line, and were never delivered to the plaintiff, but were destroyed by fire while in the custody and under the control of the defendant. The finding of the jury, therefore, in favor of the plaintiff, was fully sustained by the evidence.

The only other question presented by the record is, whether

improper evidence was admitted on behalf of the plaintiff on the trial of the cause. The action was commenced against the defendant by the name of the "Merchants' Despatch Company." After service, by leave of court, the summons was amended, and defendant described therein as the "Merchants' Despatch Transportation Company." Before the amendment, however, upon due notice served upon the attorneys of defendant, a commission was issued, and the deposition of John H. Knapp, of New York, who sold the goods to the plaintiff, was taken. In the notice, and also in the deposition, the defendant is described as the "Merchants' Despatch Company." When this deposition was offered in evidence, defendant objected on the ground it was not taken as evidence in the case then on trial, but the court overruled the objection, and this is relied upon as error. The defendant had notice that a commission would issue to take the deposition. It had the opportunity to file cross-interrogatories, to be propounded to the witness. Under such circumstances, the fact, alone, that in the notice or in the deposition occurred a slight mistake as to the defendant's corporate name, we do not regard as a sufficient error to exclude the evidence from the jury. The deposition was taken in the case on trial. The objection was formal, and as it was not urged on a motion to suppress, before the cause was called for trial, the objection came too late.

It is also contended, that the court erred in permitting the answers to interrogatories six and seven to be read to the jury. In the answer to each of the interrogatories, the witness gave his opinion in regard to the liability of the defendant under the bill of lading. The opinion of the witness was not competent testimony, and had the answers been objected to, no doubt the court would have excluded them, but no specific objection was made to the introduction of this portion of the evidence. The entire deposition, when offered, was objected to, but no objection whatever was interposed to the answers to interrogatories six and seven. As the objection is made for the first time here, it comes too late.

It is also urged, that the court erred in admitting the evidence of the plaintiff, to the effect that an agent of the company, after the goods were destroyed, called on him and stated that a suit was then pending to test the liability of the company for goods lost by fire, and if plaintiff would not sue, in the event that the pending suit was decided adverse to the company, then plaintiff would be paid. Whether the declarations of the agent of the company made to the plaintiff were competent evidence tending to establish a promise to pay for the goods, it will not be necessary here to determine, as the record fails to show the defendant objected to the introduction of the evidence. One William Stein was called as a witness, on behalf of the plaintiff. He, in substance, testified, that the local agent of the defendant, residing at Alton, called on him, in company with the general agent of the company, and that the general agent represented that a suit was then pending in court which would settle the liability of the company for goods lost *in transitu* by fire; and if the parties in Alton, including the plaintiff, would not sue, but wait until the pending suit was decided, they would all be paid, if it was held the company was liable.

Starkie on Evidence, part 4, page 60, says; " Where the act of agency has been proved, either expressly or presumptively, the act of the agent, co-extensive with the authority, is the act of the principal, whose mere instrument he is; and then, whatever the agent says, within the scope of his authority, the principal says, and evidence may be given of such acts and declarations as if they had been actually done and made by the principal himself."

It does not seem to be disputed that the person making the declarations was the general agent of the company, and that he had authority to act in the capacity of a general agent. If he was clothed with general authority to transact any and all business, he undoubtedly had the power to settle or adjust the claim of plaintiff, and if he had authority to settle or pay, we perceive no reason why his declarations to pay in a certain

contingency were not competent evidence for the consideration of the jury.

As we perceive no substantial error in the record, the judgment will be affirmed.

*Judgment affirmed.*