THE HOME INSURANCE COMPANY *v.* HALL.

4-4177

Opinion delivered February 24, 1936.

*Verne McMillen,* for appellant.

*J. V. Spencer,* for appellee.

*Barber & Henry* and *Troy W. Lewis, amici curiae.*

JOHNSON, C. J.   This action was instituted by appellee, Mrs. Celesta Hall, against appellant, The Home Insurance Company of New York, in the Union Circuit Court to recover certain damages to her automobile which were alleged to have been insured against by appellant insurance company.   By answer, appellant controverted the material allegations of the complaint and affirmatively pleaded that appellee's contract of insurance was canceled by it on December 12, 1934, in form and manner provided for in the contract of indemnity. Upon trial to a jury, it was stipulated between counsel that a policy of insurance was issued by appellant and in favor of appellee, dated September 8, 1934, indemnifying her against damage to her automobile by collision to the extent of $500; that her automobile was damaged by collision on January 12, 1935, to the extent of $300.50, and that the full premium had been paid.

The policy of insurance contained the following clause: ''This policy shall be canceled at any time at the request of the assured, in which case this company shall, upon demand and surrender of this policy, refund the excess of paid premium above the customary short rate premium for the expired term. This policy may be canceled at any time by this company by giving the assured

five (5) days' written notice of cancellation with or without tender of the excess of paid premium above the pro-rata premium for the expired term, which excess, if not tendered, shall be refunded upon demand. Notice of cancellation shall state that said excess premium, if not tendered, will be refunded on demand. *Notice of cancellation mailed to the address of the assured stated in this policy shall be sufficient notice."*

Two witnesses on behalf of appellant testified that on December 29, 1934, they prepared and mailed to appellee at her established address at El Dorado, Arkansas, notice of cancellation of her policy of insurance. Appellee testified that she did not receive appellant's notice of cancellation although residing at the time at the address stipulated in the policy. J. V. Spencer, appellee's attorney, testified that he discussed the merits of this controversy with Mr. Knight, appellant's adjuster, prior to the filing of the suit, and that he admitted that appellant's office in New York did not mail notice of cancellation to appellee.

After submission of the cause upon instructions, not here complained of, the jury returned a verdict in favor of appellee for the sum stipulated as her damages, and a judgment was duly entered thereon from which this appeal comes.

Appellant's contention for reversal is that the facts in reference to the mailing of the cancellation notice by appellant in New York is undisputed, and that the trial court erred in refusing to instruct the jury as a matter of law that there was no liability. The cancellation clause in the contract of insurance existing between appellant and appellee gave to the insurer the undoubted right to cancel the policy by strictly complying with its provisions. *Commercial Union Fire Insurance Co.* v. *King,* 108 Ark. 130, 156 S. W. 445. Appellant's contention that the testimony in reference to the mailing of the notice of cancellation is not controverted is grounded upon the theory that the testimony of J. V. Spencer is hearsay, and, as such, incompetent; and, moreover, if competent, that the testimony does not reflect that the adjuster had authority to make such admission. We think the admission of ap-

pellant's adjuster that no notice had been mailed by appellant's office to appellee canceling her policy of insurance was competent. Appellant's adjuster Knight testified that he is appellant's adjuster, and, in response to a question in reference thereto, testified as follows: "With full authority to speak and act for the company? A. Absolutely." In reference to the power and authority of a general agent, and especially one who has power to adjust and settle claims against his principal, we stated the applicable and controlling rule in *Industrial Mutual Indemnity Co.* v. *Thompson,* 83 Ark. 574, 104 S. W. 200, as follows, reading from the second headnote: "A superintendent of agencies of an insurance company who is authorized to adjust and settle claims against the company is authorized to waive a forfeiture for nonpayment of premiums, though the policy provided that this could be done only by writing, signed by the president, vice-president or secretary."

If an agent of an insurance company who has power and authority to adjust and settle claims against his principal has power and authority to waive forfeiture of a policy for nonpayment of premiums in the teeth of the policy as held by us in the case last cited, we can conceive of no principle of law which would inhibit such agent making admissions contradictory to his principal's contention as advanced in the trial of this case. The logical effect of the opinion last cited is that an insurance adjuster while acting in the line of settling and adjusting claims against his principal, has the power and authority of the president, vice-president or secretary of such principal. See *Reserve Loan Life Insurance Co.* v. *Compton,* 190 Ark. 1039, 82 S. W. (2d) 537, and cases there cited. This reasoning is in line with respectable authority. See *Flaherty* v. *Continental Ins. Co.,* 46 N. Y. S. 936; *Roberts* v. *Insurance Co.,* 90 Mo. App. 142, 72 S. W. 144.

We conclude therefore that the admission of appellant's adjuster to appellee's attorney was not merely hearsay, but, on the contrary, an admission of his prin-

286

cipal against interest, and that the adjuster possessed apparent authority to make it.

No error appearing, the judgment is affirmed.

McHANEY and BUTLER, JJ., dissent.