Peter Haskell, a Minor, by Ralph H. Haskell, His
Father and Next Friend, Plaintiff, v. Albert W.
Siegmund, et al., Defendants.
Albert W. Siegmund, for the Use of Peter Haskell, a
Minor, by Ralph H. Haskell, His Father and Next
Friend, Plaintiff-Appellee, v. Illinois National
Casualty Co., a Corporation, Garnishee-Appellant.

Gen. No. 10,267.

Third District.

October 20, 1960.

Rehearing denied and opinion modified
December 13, 1960.

1

3

4

Hugh J. Graham, Jr., of Springfield, and Wheat, Hatch, and Corazza, of Champaign, for appellant.

C. E. Tate and Robert C. Summers, of Champaign, for appellee.

REYNOLDS, J.

This is an appeal by defendant-garnishee Illinois National Casualty Co., from a judgment in garnishment entered on a jury verdict in favor of plaintiff Peter Haskell, judgment creditor of an employee of National Casualty's insured.

Originally, Haskell sued Albert Siegmund and others to recover for injuries sustained on August 6, 1955. Haskell and Siegmund had been riding west on Route 150 near Fithian, Illinois, in an automobile operated

by Siegmund. They came upon a motorist whose automobile was stuck in a ditch beside the highway. Siegmund stopped for the purpose of aiding the distressed motorist. However, he did not pull off the highway. Rather, he stopped with the left wheels of his automobile on the highway and thus partially blocked westbound traffic. Shortly thereafter another automobile, proceeding west on the highway, swerved to avoid the Siegmund car and struck Haskell, who, in the meantime, had alighted from the Siegmund automobile. After trial to a jury, Haskell recovered a judgment against Siegmund and another in the amount of $35,000. On appeal by Siegmund, the judgment was affirmed by this Court (16 Ill.App.2d 428, 148 N.E.2d 625). The Supreme Court of Illinois denied Siegmund's petition for leave to appeal.

Thereafter, Haskell brought this garnishment action against the Illinois National Casualty Company ("National Casualty"), whose counsel had defended Siegmund in the original action.

National Casualty asserted several defenses to the garnishment action, chief among which were (1) that the automobile driven by Siegmund was not one of those covered by the automobile casualty public liability fleet policy issued by National Casualty to Siegmund's employer, Walter Peterson, (2) that Peterson had not given Siegmund permission to use the automobile, and (3) that National Casualty had not received timely notice of the accident. Issues of fact were joined, and the garnishment case was tried to a jury. National Casualty appeals from the judgment entered on the jury's verdict in favor of Haskell.

The evidence introduced at the trial established that Siegmund's employer Walter Peterson operated a shelling and trucking business in Gibson City, Illinois. In 1955, National Casualty issued an automobile public liability policy to Peterson. Attached to the policy

6

is a "Fleet Schedule" which describes various vehicles, including a 1942 Chevrolet sedan, identified by its serial and motor numbers. The policy covers Peterson and any person using any of the designated vehicles "with his permission."

On October 19, 1955, Peterson told Roy Parrett, an agent for National Casualty in Gibson City, that he had been informed that someone was claiming that one of the vehicles designated in Peterson's fleet policy had been involved in an accident near Fithian, Illinois, on August 6, 1955. Parrett forwarded this information to National Casualty's claim department in Springfield, Illinois. Addison Klophel, an investigator for National Casualty, was assigned to the case on October 21. On that day, Klophel obtained a written statement from Peterson. In that statement Peterson related that he had given Siegmund permission to use the 1942 Chevrolet on the evening of August 5. Thereafter, on November 2, Klophel obtained a similar statement from Siegmund. The next day Klophel obtained a supplemental statement from Peterson which confirmed his loan of the car to Siegmund.

Haskell had commenced suit against Siegmund on October 21st. Siegmund's mother sent the summons to Peterson on November 4th. On November 5th Peterson mailed National Casualty the summons in the Haskell case, which had been served on Siegmund, together with the letter Siegmund's mother had sent to Peterson with the summons. On November 16, National Casualty's Claims Attorney, Robert M. Wham, wrote Siegmund, stating that Siegmund was driving Peterson's 1942 Chevrolet Fordor sedan on August 6, and was involved in the Haskell accident, but because it appeared Siegmund did not have Peterson's permission to use the automobile and therefore was not an "insured" under the policy, and because Siegmund, if he was an "insured" under the policy, failed

7

to give notice of the occurrence as soon as practicable, National Casualty would defend Siegmund in the Haskell suit, but without thereby admitting liability under Peterson's policy. Thereafter, the original suit was litigated in the trial and reviewing courts, resulting in the final judgment upon which this garnishment action is based.

Peterson died before trial of the garnishment action. Siegmund, who was 19 years old at the time of the accident, left Peterson's employ shortly after August 6, 1955. He was thereafter convicted of the crime of forgery and was incarcerated. Neither Peterson nor Siegmund testified at either trial.

In the trial of the garnishment action, while the jury was being selected, but before the trial commenced, plaintiff's counsel moved, outside the presence of the jury, that National Casualty be directed to produce for use of plaintiff on the trial nine specific documents, including the Peterson and Siegmund statements. The trial judge allowed this motion over National Casualty's objection, inter alia, that the documents were procedure by it in preparation for trial and therefore were, under the express recitals of Supreme Court Rule 19–5, not subject to discovery and production. Affiant in each of these statements states that Siegmund was driving Peterson's 1942 Chevrolet Fordor sedan on the night of August 5–6, 1955, with Peterson's permission.

■ ■ The first contention advanced by National Casualty on this appeal is that there was no competent proof that the automobile driven by Siegmund on August 6, 1955 was the 1942 Chevrolet covered in Peterson's policy. We cannot agree. The letter written by National Casualty's Claims Attorney after National Casualty had investigated the case, contains the unequivocal admission, "at the time (of the accident) you had Mr. Peterson's 1942 Chevrolet four

8

door sedan." As National's Claims Attorney, Mr. Wham had authority to make this admission. Merchants' Dispatch Trans. Co. v. Leysor, 89 Ill. 43, 47–48 (1878); see also Home Ins. Co. of New York v. Hall, 192 Ark. 283, 91 S.W.2d 609, 610 (1936). It is not necessary that he have had personal knowledge of the fact in order to make an admission of the truth thereof binding upon his client. Susemiehl v. Red River Lumber Co., 306 Ill. App. 430, 438–441, 28 N.E.2d 743, 746–747 (2d Dist. 1940); compare Fortney v. Hotel Rancroft, Inc., 5 Ill.App.2d 327, 333–334, 125 N.E.2d 544, 547–548 (1st Dist. 1955). The reason for this rule has been stated to be that "when a man speaks against his own interest it is to be supposed that he has made an adequate investigation." McCormick on Evidence (1954), sec. 240, p. 507.

■■ Moreover, Peterson's written statements to Klophel that he loaned the 1942 Chevrolet to Siegmund were admissible as declarations against his pecuniary interest, a well established exception to the hearsay rule. Republic Iron & Steel Co. v. Industrial Commission, 302 Ill. 401, 405, 134 N. E. 754 (1922); Cleary, Handbook of Illinois Evidence sec. 13.19 (1956); 5 Wigmore on Evidence, sec. 1455 et seq. (3d ed. 1940). The tests for admissibility of declarations against pecuniary interest are set forth in German Ins. Co. v. Bartlett, 188 Ill. 165, 173, 58 N. E. 1075, 1077 (1900):

". . . (1) The declarant must be dead; (2) the declaration must have been against the pecuniary interest of the declarant at the time it was made; (3) the declaration must be of a fact in relation to a matter concerning which the declarant was immediately and personally cognizable; and (4) the court should be satisfied that the declarant had no probable motive to falsify the fact declared."

9

Peterson's statements to Klophel meet these tests: (1) Peterson was dead at the time of the trial below. (2) It is presumed that one who is driving another's vehicle is the owner's agent. Parrino v. Landon, 8 Ill.2d 468, 470, 134 N.E.2d 311, 313 (1956); Howard v. Amerson, 236 Ill. App. 587, 593–594 (1st Dist. 1925). Hence, when Peterson stated that he owned the car being driven by Siegmund on the night of the accident, Peterson was exposing himself, prima facie, to liability for Siegmund's negligence. (3) Peterson had personal knowledge of the circumstances under which he gave the car to Siegmund. (4) No proof was adduced as to any reason why Peterson should falsify for a part-time employee, who did not even return to work after the accident.

██ ██ In light of this proof, we believe an issue of fact for the jury was framed as to the identity and loan of the automobile, and that the verdict is not contrary to the manifest weight of the evidence on this issue.

National Casualty argues that Haskell is conclusively bound by his testimony at a pre-trial deposition, taken in connection with his personal injury action against Siegmund, that the automobile Siegmund was driving and in which Haskell was a passenger was a 1947 Chevrolet. Haskell, called by defendant as an adverse witness at the trial of the garnishment action, testified the automobile was a 1942 Chevrolet. When confronted with the transcript of his deposition, he stated that he did not recall testifying previously the car was a 1947 model, but if he had made that statement it was an error. The court reporter was then called as a witness and she read Haskell's prior testimony. On cross examination of the reporter, Haskell's counsel brought out an inaccuracy as to another date in the transcript of the deposition which the reporter prepared.

Rule 19–10(2) of the Rules of the Illinois Supreme Court states in part:

"Discovery depositions may be used . . . for the purpose of impeaching the testimony of the witness in the same manner and to the same extent as any inconsistent statement made by the witness. . ."

██ ██ There may be cases in which admissions at pre-trial depositions are so deliberate, detailed, and unequivocal, as to matters within the party's personal knowledge, that they will conclusively bind the party-deponent, and he will not be heard to contradict the admissions at the trial. See, for example, Meier v. Pocius, 17 Ill.App.2d 332, 335, 150 N.E.2d 215, 216–217 (1st Dist. 1958); see also 4 Wigmore on Evidence, secs. 1063–1067 (3rd ed. 1940). But where, as in the case at bar, the statement was made in another action concerning a matter which in that case was collateral and relatively immaterial, as to which the party may have been mistaken, and there is a basis for doubt as to precisely what was said, the litigant should be given the opportunity to take the stand and testify freely. The opposing party may of course use any prior contradictory statements for impeachment purposes under Rule 19–10. The weight to be given the witness' testimony is a matter for the jury. Compare Ness v. Bilbob Inn, Inc., 15 Ill.App.2d 340, 348, 146 N.E.2d 234, 238 (1st Dist. 1957); Tezak v. Cooper, 24 Ill. App.2d 356, 164 N.E.2d 493 (2nd Dist. 1960). This general subject is thoroughly discussed in Kipf v. Bitner, 150 Neb. 155, 33 N.W.2d 518 (1948); Alamo v. Del Rosario, 98 F.2d 328 (D. C. Cir. 1938), and McCormick on Evidence, sec. 243 (1954). We believe the rule we have adopted is supported by sound reason and is best designed to protect both parties to the case.

11

■ ■ As to National Casualty's second major contention, we believe Haskell introduced sufficient proof that Peterson gave Siegmund permission to use the car. The fact that Siegmund was operating Peterson's car at the time of the occurrence gives rise to a rebuttable presumption that Siegmund was Peterson's agent. National Casualty did not introduce any evidence to negative either permission or agency. Hence, the presumption remained in full force throughout the trial. In addition, the written statements given by Peterson to Klophel were admissible to prove permission, since they contained declarations against Peterson's pecuniary interest.

■ We agree that the trial court erred in receiving Siegmund's written statement to prove identity of the car or permission, because for this purpose Siegmund's statement was hearsay. But the error was harmless. Siegmund's statement was largely duplicated by Peterson's two statements each of which was properly received to prove these matters. Furthermore, Siegmund's statement was properly admitted on the issue of cooperation, and no instruction was tendered by National Casualty limiting the admissibility of the statement to that issue. Minga v. Jack Cole Co., Inc., 12 Ill.App.2d 556, 140 N.E.2d 383 (1st Dist. 1956).

National Casualty contends that the trial judge erred in requiring it to produce the Peterson and Siegmund statements for use at the trial. It argues that these statements were obtained by National Casualty in preparation for trial, and therefore are privileged "work product" within Rule 19–5 of the Rules of the Supreme Court of Illinois.

Neither statement was obtained by counsel nor is there evidence that they were obtained under his supervision or direction. We are of the opinion that the statements are not "work product" of counsel.

12

National Casualty relies on Hayes v. CTA, 340 Ill. App. 375, 92 N.E.2d 174 (1st Dist. 1950), Chapman v. Gulf M. & O. R. Co., 337 Ill. App. 611, 86 N.E.2d 552 (3rd Dist. 1949), and Stafford v. City of Chicago, 14 Ill.App.2d 114, 143 N.E.2d 68 (1st Dist. 1957).

Rule 19–5(1) of the Rules of the Supreme Court provides:

> "All matters which are privileged against disclosure upon the trial are privileged against disclosure through any discovery procedure. Disclosure of memoranda, reports or documents made by or for a party in preparation for trial or any privileged communications between any party or his agent and the attorney for the party shall not be required through any discovery procedure."

 The statements given by Peterson to Klophel, a claim agent, are not privileged communications. Thomas v. Pennsylvania R. Co., 7 F. R. D. 610, 611 (E. D. N. Y. 1947); Hughes v. Pennsylvania R. Co., 7 F. R. D. 737 (E. D. N. Y. 1948); Newell v. Capital Transit Co., 7 F. R. D. 732, 734 (D. D. C. 1948); Szymanski v. New York, N. H. & H. R. Co., 14 F. R. D. 82, 83 (S. D. N. Y. 1953); Brown v. New York, N. H. & H. R. Co., 17 F. R. D. 324, 325 (S. D. N. Y. 1955). Therefore, the alternative clause of the second sentence of Rule 19–5 does not apply.

As we have held, Peterson's admissions and declarations against pecuniary interest were admissible as evidence. They are not privileged against disclosure at the trial. Therefore the first sentence of Rule 19–5 does not apply.

This leaves only the first or preparation for trial alternative of the second sentence of the Rule.

Rule 19–5(1) was derived from former Rule 17(1) (Ch. 110, par. 259.17, Ill. Rev. Stat. 1953), which provided in part: "This rule shall not apply to memo-

13

randa, reports, or documents prepared by or for
either party in preparation for trial . . ." The
drafters of new Rule 19–5 have stated that the prin-
ciple of former Rule 17(1) was retained as to disclo-
sure through discovery procedures of matters made in
preparation for trial. The Joint Committee said (S.
H. A. ch. 110, sec. 101.19–5, p. 147):

> ". . . Thus, the rule stated by the United States
> Supreme Court in Hickman v. Taylor, 67 S. Ct.
> 385, 329 U. S. 495, 91 L. Ed. 451 (1947), that an
> attorney's 'work product' is subject to discovery
> 'where production of those facts is essential to
> one's case' was not incorporated in new rule 19–5."

See also Keegan, Privileged Matters and Protective
Orders, 1959 U. Ill. Law Forum 801, 805–810.

The cases relied on by National Casualty do not
support its contention. In Hayes v. CTA, 340 Ill. App.
375, 92 N.E.2d 174 (1st Dist. 1950), which involved
Rule 17(1), plaintiff sought and obtained a pre-trial
discovery order requiring the defendant to produce a
written statement taken from plaintiff by an investi-
gator of the defendant, and a medical report given by
plaintiff's doctor to defendant. When defendant re-
fused to comply with the order, it was held in contempt
of court and fined. On appeal, it was held that the
court erred in ordering production of the documents
because it appeared they were prepared in prepara-
tion for trial, and therefore were protected by Rule
17(1). In Chapman v. Gulf M. & O. R. Co., 337 Ill.
App. 611, 86 N.E.2d 552 (3rd Dist. 1949), the plaintiff
argued it was error to deny his pre-trial discovery mo-
tion for production of a statement made by a witness
to a railroad claim agent. This case also arose under
former Rule 17(1). We held that since it appeared the
statement was obtained in preparation for an antici-
pated trial it came within the above quoted proviso

14

to Rule 17(1). Neither of these cases had to do with a demand for production of witness statements at the time of trial. See also Yowell v. Hunter, 403 Ill. 202, 85 N.E.2d 674 (1949), and City of Chicago v. Harrison-Halsted Bldg. Corp., 11 Ill.2d 431, 143 N.E.2d 40 (1957).

In Stafford v. City of Chicago, 14 Ill.App.2d 114, 143 N.E.2d 68 (1st Dist. 1957), the Court reversed a judgment on the ground that the conduct of defendant's counsel was prejudicial. One instance of that conduct occurred during cross examination of a doctor who testified for the plaintiff. Defense counsel had the witness read from a report which the witness had prepared in advance of trial, but which was not in evidence or marked for identification. The Court, in dicta, stated that the report was "a privileged communication under Rule 19–5. . ." However, this language was recently withdrawn by the Court in Kemeny v. Skorch, 22 Ill.App.2d 160, 167, 159 N.E.2d 489, 492 (1st Dist. 1959).

The First District Appellate Court has but recently pointed out that not all documents obtained in preparation for trial are either "privileged communications" or privileged against disclosure on the trial, and that documents not privileged against disclosure under historical rules are not made so by Rule 19–5. Even though a document is not subject to discovery before trial, it "may become relevant upon trial and if so, it would not be exempt as a privileged document." Kemeny v. Skorch, 22 Ill.App.2d 160, 169, 159 N.E.2d 489, 493 (1st Dist. 1959). The Peterson statements contain relevant admissible evidence none of which is privileged.

The few Illinois cases which have dealt with the question of whether the court may order a litigant to produce documents from its file afford little assistance in resolving the issue presented. Walker v.

15

Struthers, 273 Ill. 387, 395, 112 N. E. 961, 965 (1916), relied upon by National Casualty, is an early case that preceded by many years the promulgation of Rules 17(1) and 19–5. Plaintiffs argued on appeal in that case that the trial court had erred in not permitting plaintiffs to inquire of defendants' witnesses whether they had given written statements to defendants' counsel. The Supreme Court affirmed the action of the trial court on the ground that, "All such statements of witnesses *made to counsel in preparation for trial,* and all notes and briefs made by the attorneys for the same purpose, are the property of the attorneys themselves, and the court has no power or right to compel their surrender to opposite counsel to aid them in making out their case. The court properly ruled that such drag-net examinations were entirely improper." (Emphasis added.)

The Peterson statements were not made to counsel, nor are they "work product" of counsel, and the holding in Walker v. Struthers, supra, is not applicable. We express no opinion otherwise, as to whether the holding in the Walker v. Struthers case obtains under present day practice or irrespective of circumstances. Compare the recent pronouncements of our Supreme Court in criminal cases in People v. Moses, 11 Ill.2d 84, 142 N.E.2d 1 (1957), and People v. Wolff, 19 Ill.2d 318, 167 N.E.2d 197 (1960).

In People v. White, 8 Ill.App.2d 428, 131 N.E.2d 803 (1st Dist. 1956), it was held error to order defendant's counsel to produce on demand made on the trial a statement made to a railroad claim agent, where the statement was not used by the railroad's attorney on the trial and no showing or claim was made that the statement contained impeachment, and counsel had not employed the statement to refresh the witness' recollection. In Forslund v. CTA, 9 Ill.App.2d 290,

16

132 N.E.2d 801 (1st Dist. 1956), the court, in dicta, stated that the trial court properly refused to require defendant's counsel to produce on the trial a written statement given by a witness to an agent of the street-car company. See also Eizerman v. Behn, 9 Ill.App.2d 263, 280–282, 132 N.E.2d 788 (1st Dist. 1956).

These decisions indicate that there is a rule of procedure—apart from Rule 19–5 and its predecessors (although sometimes confused with those rules), which deals with pre-trial discovery—against requiring production at trial of documents obtained by or for the attorneys in preparation for trial. This rule is inapplicable in this case. First, it does not appear that the Peterson statements were obtained in anticipation of, or in preparation for, trial or for use on the trial of the merits of an anticipated suit by Haskell against Siegmund. Rather, the proof is consistent with the fact they were obtained by National Casualty to assist it in determining whether it was bound under its policy to defend Siegmund. There is nothing to indicate that, at the time the statements were procured, litigation as to the issue of coverage was contemplated.

Furthermore, the statements were not sought for pre-trial discovery, or to be used for impeachment in the event they contained statements inconsistent with the witness' testimony at the trial. Rather, they were obtained and introduced into evidence as documents having independent evidentiary value in and of themselves, on the issues of permission, identity of the Chevrolet, notice and cooperation.

 It would be a grave miscarriage of justice to exclude this competent evidence on these controlling issues. The rule of procedure recited in Rule 19–5 does not require that result. The rules are to be liberally construed to the end of substantial justice. Civil Practice Act, sec. 4. Furthermore, the burden is upon the

17

party seeking exclusion of otherwise competent admissible evidence to adduce facts that clearly bring his case within the rules of exclusion.

National Casualty contends that it did not receive timely notice, that is, "as soon as practicable" after happening of the occurrence claimed to be covered by the policy. Peterson, the named insured, gave notice as soon as he learned of Haskell's claim. There is nothing to show that Siegmund knew that a claim was going to be made by Haskell against him, or that Peterson had a policy of insurance which required notice. Moreover, National Casualty failed to introduce any evidence to show that the lapse of about nine weeks prejudiced its ability to defend the action. Cf. Simmon v. Iowa Mut. Cas. Co., 3 Ill.2d 318, 322, 121 N.E.2d 509, 512 (1954), which reversed the decision of the Appellate Court upon which National Casualty cites and relies. (350 Ill. App. 1, 111 N.E.2d 374.)

This issue was submitted to the jury as a question of fact. The verdict is not contrary to the manifest weight of the evidence.

National Casualty contends that Siegmund failed to cooperate with the company, as required of the insured. Siegmund voluntarily gave a complete statement of facts to Klophel. He was not asked to appear at the personal injury trial. There is no evidence of lack of cooperation.

National Casualty complains of various evidentiary rulings made by the trial court. We have carefully reviewed these contentions and find them to be without substantial merit. National Casualty's complaints concerning instructions have not been preserved, because all of the given instructions are not abstracted. Okai v. United Roofing & Siding Co., 24 Ill.App.2d 243, 164 N.E.2d 237 (4th Dist. 1960).

The trial court properly computed interest on the entire amount of the judgment. River Valley Cartage

Co., Inc. v. Hawkeye–Security Ins. Co., 17 Ill.2d 242, 161 N.E.2d 101 (1959).

Judgment affirmed.

CARROLL, P. J. and ROETH, J., concur.