FOREST PRESERVE DISTRICT OF DU PAGE COUNTY, Plaintiff-Appellant, *v.* ANGELO VALENTE *et al.*, Defendants-Appellees.

Second District   No. 77-94

Opinion filed July 5, 1978.

Carlton Nadelhoffer, of Nadelhoffer, Hennessey, Dommermuth & Brestal, of Naperville, for appellant.

Lloyd E. Dyer, Jr., and William I. Ferguson, both of Donovan, Atten, Mountcastle, Roberts & DaRosa, of Wheaton, for appellees.

Mr. JUSTICE BOYLE delivered the opinion of the court:

The plaintiff-appellant, Forest Preserve District of Du Page County, hereafter plaintiff, appeals from a jury's award of $32,250 as just compensation for two lots the plaintiff acquired by way of eminent domain from the defendants-appellees, Angelo Valente, Dominic Valente and unknown owners, hereafter the defendants. On appeal the plaintiff raises three issues as possible grounds for reversing the judgment of the circuit court. All three contentions revolve around the testimony of a valuation witness who testified in the defendants' behalf. First, the plaintiff alleges that the witness' testimony should have been stricken because the record reveals he did not have personal knowledge of the subject property and that therefore his opinion as to its fair market value was based upon impermissible hearsay. Secondly, plaintiff argues that the witness improperly considered hearsay reports of sales in the area in forming his opinion of the subject property's fair market value. Finally, the plaintiff asserts that the witness improperly considered the activities of the plaintiff in the surrounding area in arriving at his opinion of the fair market value of the instant property. Having reviewed the record and weighed the arguments presented, we find the trial court properly admitted the testimony of the valuation witness and, accordingly, we affirm the judgment of the circuit court of Du Page County.

On December 10, 1975, the plaintiff filed its petition for condemnation with regard to two adjacent lots owned by the defendants. However,

sometime prior to that date, the plaintiff apparently had entered onto the property without the defendants' permission and altered the land and removed some of the improvements that had been on it. (This unauthorized entry is the subject of a separate suit which is not considered herein.) In an attempt to rectify the unauthorized entry, the parties stipulated at trial that for purposes of determining the value, it would be assumed that the property was in the same condition on December 10, 1975, as it had been immediately prior to the plaintiff's unauthorized entry. However, this stipulation did not remove the difficulty in locating appraisers who were familiar with the condition of the subject property prior to the plaintiff's entry.

The trial to determine just compensation commenced on June 18, 1976. The plaintiff-condemnor presented Mr. Ronald E. Bomba, a real estate appraiser, as its sole evaluation witness. Mr. Bomba testified that in his opinion $13,000 was the fair market value of the property.

The defendants presented two valuation witnesses, one of whom was defendant, Dominic Valente, who was in the construction business. In his opinion, the property had a fair market value of $50,000. The defendants' second valuation witness was Mr. Robert Biggins, the Addison Township assessor. After testifying as to his qualifications as a real estate appraiser, Mr. Biggins testified that he was familiar with the area in which the subject property was located (it being in Addison Township) and had been by the subject property on numerous occasions. He then gave his opinion as to the fair market value of the property, which he set at $39,000. In arriving at that figure, Mr. Biggins testified that he considered sales made in the area which he learned about through conversations with brokers and appraisers and from the reports of sales which are sent to his office for purposes of aiding in assessing property. Also, on direct examination, Mr. Biggins testified that he did not consider the plaintiff's activities in the area in arriving at his opinion of the fair market value. However, during cross-examination he testified that he considered plaintiff's activities in the vicinity of the subject parcel, although it is not clear from the testimony whether he was referring to some earlier Forest Preserve project or the project for which the subject property had been taken. The former would have been permissible; the latter would not have been. In either case, the trial judge refused to strike the testimony as plaintiff had moved. The jury returned a verdict of $32,250 as just compensation, and this appeal followed.

■■ The plaintiff's first contention is that Mr. Biggins' testimony should have been stricken because his knowledge of the subject property was based solely on hearsay. This contention simply is not supported by the record. While Mr. Biggins did admit he was familiar with his office's

record on the subject property, he also testified that he was familiar with the entire area and that he had been by the subject property on numerous occasions. This familiarity gave him sufficient knowledge of the property to testify as to his opinion of its fair market value. *Department of Business & Economic Development v. Baumann* (1972), 9 Ill. App. 3d 1, 291 N.E.2d 213, *rev'd on other grounds* (1974), 56 Ill. 2d 382, 308 N.E.2d 580.

■■ Secondly, the plaintiff contends that the trial court erred in not striking Biggins' testimony because his knowledge of real estate values in the area was based solely on hearsay. In support of this position, the plaintiff cites *Trustees of Schools v. Kirane* (1955), 5 Ill. 2d 64, 124 N.E.2d 886, which held that it was improper to permit a witness to express his opinion as to the value of condemned property where he had no personal knowledge of sales or other real estate values in the area. In *Kirane*, the witness was a real estate appraiser from Rockford who had never done business in Belvidere where the subject property was located. The witness' sole basis for forming an opinion as to the value of the subject property was information he had heard from others a few days prior to his testimony. In the case at hand, the witness, Mr. Biggins, was a qualified appraiser who had eminent knowledge of the real estate values in the area due to his duties as township assessor. Obviously, he had a basis other than hearsay of sales in the area upon which to base his opinion as to the fair market value of the subject property. Having an independent basis as its foundation, Mr. Biggins' opinion as to the fair market value of the property was properly admitted at trial. *Department of Public Works & Buildings v. Hufeld* (1966), 68 Ill. App. 2d 120, 215 N.E.2d 312; *Lake County Forest Preserve District v. Flood* (1977), 51 Ill. App. 3d 32, 366 N.E.2d 1044.

■■ Lastly, the plaintiff contends that Mr. Biggins testified he considered plaintiff's activities in the area in arriving at his opinion as to the value, and therefore his testimony should have been stricken on the grounds it violated section 9.7 of "An Act to provide for the exercise of the right of eminent domain" (Ill. Rev. Stat. 1975, ch. 47, par. 9.7). That section prohibits the consideration of any appreciation or depreciation in the value of the subject property due to the project for which it was condemned in determining the fair market value of the subject property. In the case at hand, it is not at all clear from the record whether Mr. Biggins considered the project for which the subject property was taken—which would have been improper—or some earlier project— which would have been wholly proper. Since the plaintiff was seeking to exclude the otherwise admissible testimony of Mr. Biggins, it had the duty to adduce sufficient facts to clearly bring the testimony within the parameters of one of the rules of exclusion. (*Haskell v. Siegmund* (1960), 28 Ill. App. 2d 1, 170 N.E.2d 393.) The plaintiff failed to do so.

For the above stated reasons, the judgment of the circuit court of Du Page County is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and NASH, J., concur.