PATRICK MULHERN, Plaintiff-Appellee and Cross-Appellant, v. TALK OF THE TOWN, INC., Defendant-Appellant and Cross-Appellee (Barbara Sheehan *et al.*, Defendants).

Second District No. 84—0274

Opinion filed December 4, 1985.

Donald W. Ford, of Ford & Grief, of Wheaton, and John H. Wilhelm, of Springfield, for appellant.

Michael J. McArdle, Chartered, of Chicago, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:
Defendant, Talk of the Town, Inc., appeals from a judgment of the circuit court of Du Page County entered on a jury verdict in favor of plaintiff, Patrick Mulhern, for injuries he sustained when his car col-

lided with that of Barbara Sheehan (Sheehan). Prior to the accident, Sheehan had consumed alcoholic beverages as a customer of defendant. The jury returned a verdict of $96,000 against defendant, which the trial court remitted to the statutory Dramshop Act limit of $15,000. Defendant appeals the adverse judgment, and plaintiff cross-appeals the statutory remittitur. We affirm.

Plaintiff's complaint alleged that on October 24, 1981, defendant operated a dramshop and served Sheehan certain alcoholic beverages which caused her intoxication. The complaint further alleged that Sheehan operated her car and struck the car in which plaintiff was the passenger. In addition to Sheehan and defendant, plaintiff sued his brother, who was driving the car in which he was a passenger, and another dramshop operator, The Showcase Lounge. Plaintiff reached a settlement with Sheehan and plaintiff's brother prior to trial. The Showcase Lounge is not a party to this appeal.

On January 10, 1984, defendant filed a pretrial motion *in limine* requesting the trial court to prohibit plaintiff from introducing or referring to a blood alcohol report or test results of Sheehan taken on October 24, 1981, at the Hinsdale Sanitarium and Hospital. The motion made no factual allegations, contained no affidavits and stated no legal grounds, although copies of certain statutes and cases were appended to the motion. Although no evidence was introduced, the trial court heard arguments from both parties regarding the motion *in limine*.

In denying defendant's motion *in limine*, the trial court concluded that the blood test certification requirements of the Illinois Vehicle Code were not applicable to the case because Sheehan was not arrested. The court also questioned defendant about whether Sheehan had consented to the blood test and defendant represented that she would testify at trial that she did not consent to the blood test. The parties agreed that Sheehan was never arrested for any offense resulting from the automobile accident.

After the jury returned a verdict for plaintiff in the amount of $96,000, defendant filed a timely post-trial motion on February 10, 1984, requesting the court to set aside the verdict, to vacate the judgment entered on the verdict, and to enter judgment notwithstanding the verdict in favor of defendant. In section I of defendant's post-trial motion, defendant contended the trial court had erred in denying its motion *in limine* to bar introduction of the blood alcohol report because the test was not taken incident to her arrest or with Sheehan's consent. In addition, defendant contended the testimonies of the emergency room nurse and the laboratory technologist were errone-

ously allowed because neither was certified to perform the test.

In section II of defendant's post-trial motion, defendant requested the court to reduce the judgment to the $15,000 statutory limit contained in the Dramshop Act. (Ill. Rev. Stat. 1981, ch. 43, par. 135.) On February 23, 1984, the trial court denied section I of the defendant's post-trial motion, but granted the relief requested in section II. Defendant filed a timely notice of appeal and plaintiff filed a timely notice of cross-appeal challenging the constitutionality of the Dramshop Act insofar as it imposes a statutory limit of $15,000 on an injured person's right of recovery.

Preliminarily, our review of the record suggests that the trial court's ruling was based upon the DUI statute as it appears in the 1983 version of the Illinois Vehicle Code. (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501 *et seq.*) Defendant premises its argument on the 1983 version of the Illinois Vehicle Code and plaintiff does not contest the applicability of the 1983 version, and, therefore, this appeal will be resolved based on this version of the statute.

■ Defendant argues that admission of the blood test results was error because Sheehan was not arrested, neither the technologist conducting the blood test nor the hospital in which the test was administered was certified for testing pursuant to section 11—501.2 (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.2), and she did not consent to the blood test. Plaintiff counters that a dramshop such as defendant does not have standing to assert the rights of Sheehan. We do not decide this question regarding standing, however, because even if defendant can raise Sheehan's rights relative to admission of the blood test results, we conclude the trial court did not err in allowing admission of the test results.

Defendant first relies upon section 11—501.2(a) to argue that an arrest for a section 11—501 offense is a prerequisite to admission of the blood test results. As emphasized by defendant, that section provides:

> "Upon the trial of any civil or criminal action or proceeding arising out of an *arrest* for an offense as defined in Section 11—501 or a similar local ordinance, evidence of the concentration of alcohol, other drug or combination thereof in a person's blood or breath at the time alleged, as determined by analysis of the person's blood, urine, breath or other bodily substance, *shall be admissible.*" (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.2(a).)

Defendant reads the language emphasized above as precluding admission of a blood test in any proceeding which does not arise out of an

arrest for a section 11–501 offense. Defendant's interpretation is undermined by the Illinois Supreme Court's recent decision in *People v. Murphy* (1985), 108 Ill. 2d 228. At issue in *Murphy* was the meaning of section 11–501.2, the same section relied upon by defendant here. In concluding that the requirements of that section were inapplicable to a prosecution for reckless homicide, the *Murphy* court nonetheless concluded that the defendant's blood test results were admissible based upon "ordinary standards of admissibility." (*People v. Murphy* (1985), 108 Ill. 2d 228.) Were defendant's interpretation of section 11–501.2 correct, the blood test results in *Murphy* could not have been admissible as the defendant in that case apparently was not arrested for an 11–501 offense. We note that defendant has raised no argument here based upon ordinary standards of admissibility that Sheehan's blood test results were inadmissible.

*Murphy* likewise forcloses defendant's argument that the blood test results were inadmissible because neither the technologist nor the hospital was certified by the Illinois Department of Public Health (IDPH) for blood alcohol testing. Initially, we observe that the record contains contradictory evidence as to whether the hospital was certified. Assuming that the technologist and the hospital were not certified, however, lack of certification would not invalidate Sheehan's test results, for as our supreme court held in *Murphy*, the certification requirements and the Standards and Procedures for Testing for Alcohol and/or Other Drugs (Standards) of the IDPH are "applicable only to the offense of driving while under the influence ***." (*People v. Murphy* (1985), 108 Ill. 2d 228, 236.) On the authority of *Murphy*, therefore, we reject defendant's argument that the lack of certification precluded admission of Sheehan's test results.

As its final argument, defendant contends her blood test results were inadmissible because she did not consent to the test. We need not decide whether Sheehan's consent to the blood test is required where she was never arrested, because defendant did not establish in the lower court that Sheehan did not consent to the test.

 The burden is on the parties seeking exclusion of otherwise competent and admissible evidence to adduce facts which clearly bring its case within the rules of exclusion. (*Forest Preserve District v. Valente* (1978), 61 Ill. App. 3d 887, 378 N.E.2d 345; *Haskell v. Siegmund* (1960), 28 Ill. App. 2d 1, 170 N.E.2d 393.) The factual basis upon which defendant seeks to exclude the blood test evidence is that Sheehan did not consent to the test. While both Sheehan and the medical technologist who drew Sheehan's blood testified at trial, the parties have not cited and our review of the record does not disclose

any testimony that Sheehan did not consent to the blood test. At the pretrial hearing on defendant's motion *in limine*, the trial court specifically questioned defendant's counsel regarding Sheehan's testimony on the issue of consent; he responded that Sheehan "will testify, as indicated, that she did not give consent for the taking." Plaintiff responded by representing that Sheehan had testified in her deposition that she had no recollection that blood was taken. The record before us does not contain Sheehan's deposition testimony.

An offer of proof should not be made by the attorney's recitation of the testimony of the witness where, as here, the witness is available to testify. (*People v. Duarte* (1979), 79 Ill. App. 3d 110, 398 N.E.2d 332.) Where an attorney makes an informal offer of proof by merely reciting what the witness' testimony would be, the informal offer must be specific or the error will not be preserved. (See *Romine v. City of Watseka* (1950), 341 Ill. App. 370, 91 N.E.2d 76.) Likewise, an informal offer of proof which merely summarizes the witness' testimony in a conclusory manner is insufficient to preserve the error. (*Austin Liquor Mart, Inc. v. Department of Revenue* (1974), 18 Ill. App. 3d 894, 310 N.E.2d 719.) The conclusory and informal representation made by defendant regarding Sheehan's testimony provides no basis for determining what her testimony regarding consent would have been (*e.g.*, she may have consented, she may not have consented, she may have consented but have been unable to recall her consent). Because of the inadequacy of the record on the issue of consent despite the testimony of Sheehan and the medical technologist who withdrew Sheehan's blood, defendant has waived its argument that the blood test results were inadmissible because Sheehan did not consent.

■ In his cross-appeal, plaintiff raises only one contention; that the provisions of the Illinois Dramshop Act imposing a maximum recovery amount of $15,000 are unconstitutional. Plaintiff argues that the $15,000 limitation is arbitrary and constitutes a special law in violation of section 13 of article IV of the 1970 Constitution. (Ill. Const. 1970, art. IV sec. 13.) While defendant contends plaintiff has waived this argument by failing to raise it prior to the hearing on defendant's post-trial motion, plaintiff persuasively argues that he timely raised the constitutionality of the limitation as soon as he became aware of the motion for a remittitur. Therefore, plaintiff has not waived his cross-appeal argument.

Both plaintiff and defendant cite *Wright v. Central Du Page Hospital Association* (1976), 63 Ill. 2d 313, where the Illinois Supreme Court held that the $500,000 statutory recovery ceiling in medical

malpractice cases was unconstitutional. In so ruling, the *Wright* court distinguished the dramshop action which it concluded was purely statutory and thus, subject to recovery limitations imposed by the legislature. (*Wright v. Central Du Page Hospital Association* (1976), 63 Ill. 2d 313, 326-27, citing *Cunningham v. Brown* (1961), 22 Ill. 2d 23; see also *Graham v. General U.S. Grant Post No. 2665, V.F.W.* (1969), 43 Ill. 2d 1, 7 (dramshop liability is *sui generis*, is purely statutory and did not exist at common law).) In contrast to the dramshop action, the *Wright* court concluded, a medical malpractice negligence action existed at common law and thus, the recovery limitations imposed by the statute were arbitrary and constituted special legislation in violation of section 13 of article VI of the 1970 Constitution. *Wright v. Central Du Page Hospital Association* (1976), 63 Ill. 2d 313, 330.

Plaintiff seeks to avoid application of *Cunningham* with two arguments. First, he urges this court to in effect overrule the holding in *Cunningham* that the common law provided no remedy for the sale of alcoholic liquor to a person. This court, however, does not have the authority to reverse the decision of our supreme court. See *Country Mutual Insurance Co. v. Kosmos* (1983), 116 Ill. App. 3d 914, 917, 452 N.E.2d 547, 549.

Plaintiff's second argument is that a common law action against a dramshop exists. As authority, plaintiff cites to *Colligan v. Cousar* (1963), 38 Ill. App. 2d 392, 187 N.E.2d 292, wherein the court apparently acknowledged the existence of a common law negligence action against a dramshop. However, recently our supreme court in *Wimmer v. Koenigseder* (1985), 108 Ill. 2d 435, 442, expressly rejected the *Colligan* decision.

> "Our courts have frequently announced that there is no common law liability for the negligent sale of liquor in Illinois. [Citations.] A contrary result was reached prior to *Graham* by our appellate court in *Colligan v. Cousar* (1963), 38 Ill. App. 2d 392, where, as in *Graham*, liquor was sold in Illinois and an accident occurred in an adjoining State. The view of the Illinois common law stated by the appellate court in *Colligan* was never relied upon by this court or our appellate court, and it was later contradicted by this court's expression on the same subject in *Graham*. The *Colligan* statement of the common law is therefore obsolete."

*Wimmer*, therefore, conclusively refutes plaintiff's claim that the common law recognized a negligence action against an Illinois tavern owner based upon the sale of liquor to an intoxicated person. (*Wimmer v. Koenigseder* (1985), 108 Ill. 2d 435, 442, see also *Cunningham*

*v. Brown* (1961), 22 Ill. 2d 23, 30.) Absent common law liability against a dramshop, the analysis in *Wright* compels us to conclude that the statutory liability limitations imposed by the Dramshop Act are constitutional and do not amount to a special law in violation of section 13 of article IV of the 1970 Constitution. *Wright v. Central Du Page Hospital Association* (1976), 63 Ill. 2d 313; see also *Goldstein v. Hertz Corp.* (1973), 16 Ill. App. 3d 89, 305 N.E.2d 617 (statutory recovery limits of Wrongful Death Act were constitutional).

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

SCHNAKE and STROUSE, JJ., concur.