JACOB T. ENGEL, a Minor by Diane Engel, his Mother and Next Friend, *et al.*, Plaintiffs-Appellants, v. LAMPLIGHTER, INC., a/k/a Lampliter, Inc., d/b/a Lampliter Club, Inc., *et al.*, Defendants-Appellees.

Third District  No. 3—87—0823

Opinion filed July 13, 1988.

John L. Cantlin, P.C., of Ottawa (Eric B. Deobler, of counsel), for appellants.

Ford, Marsch, Rampson & Wilhelm, P.C., of Wheaton (George C. Hupp, Jr., and John H. Wilhelm, of counsel), for appellee Lamplighter, Inc.

Kenneth R. McEvoy, of Hupp, Lanuti, Irion & Martin, P.C., of Ottawa, for appellee Barbara Poulaki.

JUSTICE SCOTT delivered the opinion of the court:
This case comes on appeal of the trial court's order, dated Novem-

ber 5, 1987, dismissing plaintiffs' complaint (counts I through VI) with prejudice.

Plaintiffs filed their complaint on June 30, 1987, in the circuit court of La Salle County against defendants, three tavern owners, under section 6—21 of the Dramshop Act (Ill. Rev. Stat. 1985, ch. 43, par. 135). The six-count complaint was based upon an incident that took place on August 4, 1987, in which a certain person, Richard Hall (Hall), allegedly became intoxicated at the dramshops owned by the three defendants. As a result of said intoxication, plaintiffs allege that Hall shot and killed Julie Ann McCormick while she was on the front porch of plaintiffs' home and while plaintiffs were also present on the porch at the time.

The first count against each defendant (being the odd-numbered counts) alleged typical dramshop actions except that each claimed, by way of injury, that plaintiffs were in close proximity to Julie Ann McCormick when she was shot by the intoxicated person and, as a result, both plaintiffs had a great and reasonable fear or expectation of risk of physical injury. Furthermore, as a result of emotional distress caused by witnessing at close proximity the shooting death of the victim, both plaintiffs sustained permanent physical and mental illness.

The second count against each defendant (being the even-numbered counts) alleged that as a result of Hall becoming intoxicated, he willfully and wantonly shot and killed Julie Ann McCormick and that his conduct was extreme and outrageous and carried out in reckless disregard of the probability of causing severe emotional distress to plaintiffs standing nearby. Additionally, that by reason of the emotional distress caused by witnessing at close proximity the shooting of Julie Ann McCormick, both plaintiffs sustained permanent physical and mental illness.

Plaintiffs further represented to this court that Hall, after the shooting, committed suicide and left no appreciable estate against which an action could be brought. We assume this is to be true as defendants have not disputed this contention.

Pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615), the defendants filed motions to dismiss the complaint as being insufficient as a matter of law. Addressing this question, we are cognizant that well-pleaded facts are taken as true. *MBL (USA) Corp. v. Diekman* (1985), 137 Ill. App. 3d 238, 484 N.E.2d 371.

Section 6—21 of the Liquor Control Act of 1934 (also known as the Dramshop Act) states:

"(a) Every person who is injured within this State, in person or property, by any intoxicated person has a right of action in his or her own name, severally or jointly, against any person, licensed under the laws of this State, or of any other state to sell alcoholic liquor, who, by selling or giving alcoholic liquor, within or without the territorial limits of this State, causes the intoxication of such person." Ill. Rev. Stat. 1987, ch. 43, par. 135.

Plaintiffs' basic argument is that recoveries under the Liquor Control Act should include injuries to the person for mental distress as a result of either an intentional infliction without touching or a negligent infliction by placing plaintiff in the "zone-of-danger." Plaintiffs' reasoning is that tort law, which once disallowed any claim for mental distress, now allows such recoveries based on an intentional infliction of severe emotional distress (see *Knierim v. Izzo* (1961), 22 Ill. 2d 73, 174 N.E.2d 157) and for negligence under the "zone-of-physical-danger rule" (see *Rickey v. Chicago Transit Authority* (1983), 98 Ill. 2d 546, 457 N.E.2d 1). Plaintiffs allege, therefore, since the Liquor Control Act allows "(e)very person who is injured within this State, in person *** a right of action" (Ill. Rev. Stat. 1987, ch. 43, par. 135), recoveries under the Act should fall in line with those recoveries for mental distress allowed under common law tort theory. We disagree.

■ Although *Knierim v. Izzo* was a landmark case in Illinois for the proposition that one may recover for the intentional infliction of severe emotional distress by another, our supreme court also clearly reaffirmed prior rulings that "mental anguish, disgrace, and loss of society do not constitute an injury to person within the meaning of the [Dramshop] act." (*Knierim*, 22 Ill. 2d at 80, 174 N.E.2d at 161.) Moreover, the court stated that since the legislature has not seen fit to amend the Act to include mental disturbance as an injury to person since the prior decisions of *Albrecht v. Walker* (1874), 73 Ill. 69, and *Freese v. Tripp* (1873), 70 Ill. 496, the court should not, under the guise of statutory construction, enlarge the classification of actionable injuries under the Act. (*Knierim*, 22 Ill. 2d at 80, 174 N.E.2d at 161.) These same considerations still hold true today. The legislature has not amended the Dramshop Act in any manner which supersedes the holding of the court in *Knierim*.

■ Additionally, it is also clearly the law that the Dramshop Act provides the only remedy against tavern operators who have caused the intoxication of a person that injures another. (*Wimmer v. Koenigseder* (1985), 108 Ill. 2d 435, 484 N.E.2d 1088; *Knierim*, 22 Ill.

2d 73, 174 N.E.2d 157; *Cunningham v. Brown* (1961), 22 Ill. 2d 23, 174 N.E.2d 153.) It is not an action in tort (*Hopkins v. Powers* (1985), 136 Ill. App. 3d 501, 483 N.E.2d 637) and the remedies available under the Act are exclusively defined therein (*Moran v. Katsinas* (1959), 16 Ill. 2d 169, 157 N.E.2d 38; *Mulhern v. Talk of the Town, Inc.* (1985), 138 Ill. App. 3d 829, 486 N.E.2d 383).

■■ Plaintiffs have attempted to interject tort theories of recovery into a statutory remedy. Our supreme court has specifically disallowed such attempts in the past and the legislature has likewise not amended the statute to supersede the supreme court's ruling. Plaintiffs' proper remedy for mental distress is at common law against the assailant or his estate, but not the alleged dramshops causing his intoxication. Therefore, the decision of the trial court is affirmed.

Affirmed.

STOUDER and WOMBACHER, JJ., concur.