Lillian Sumral, Plaintiff-Appellee, v. Chicago Transit
Authority, Defendant-Appellant, and Corina Luns-
ford, Defendant-Appellee.

Gen. No. 49,961.

First District, First Division.
December 13, 1965.

William J. Lynch and William S. Allen and Jerome F. Dixon and Paul Denvir, all of Chicago, for defendant-appellant.

Hertz, Robbins & Schwartz, of Chicago (Allen D. Schwartz, of counsel), for plaintiff-appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This is a personal injury action arising from a collision on June 6, 1956, between a Chicago Transit Authority bus and an automobile driven by Mrs. Corina Lunsford. The plaintiff, a passenger on the bus, was injured and brought suit against both the C. T. A. and Mrs. Lunsford. The jury, after hearing conflicting testimony as to the circumstances of the collision, found the C. T. A. liable to plaintiff in the amount of $10,000, but absolved Mrs. Lunsford from liability. The C. T. A. has taken this appeal from the judgment against it. Plaintiff has not appealed the judgment in favor of Mrs. Lunsford, nor has the C. T. A. filed a cross appeal.

The first contention made on appeal is that the verdict of the jury was against the manifest weight of the evidence. Mrs. Lunsford's version of the accident, which was corroborated by a passenger in her car, was that

the bus struck the left side of the rear bumper of her car as she was proceeding east on Roosevelt Road at about 20 miles per hour. She further testified that the bus had been behind her on Roosevelt Road at all times. The bus driver, however, testified that Mrs. Lunsford's car struck the bus as he was closing the doors after having stopped to discharge a passenger at Spaulding Avenue; and that the bus was not moving when the accident occurred. The plaintiff testified that because the bus was crowded she was forced to stand on its front steps, facing the driver; that after the bus had stopped at Spaulding and had travelled a short distance, she heard a scraping sound on the right side of the bus; and that when she turned to see what was causing the sound, the door of the bus shattered inward upon her, injuring her.

 The C. T. A. argues that no other conclusion can be drawn from the testimony except that the left rear bumper of the automobile "sideswiped" the bus. In view of the sharp conflict in the testimony as to the circumstances of the collision, we think this was a case specifically suited to determination by a jury. Slater v. Chicago Transit Authority, 5 Ill App2d 181, 125 NE2d 289. In reaching their verdict, they apparently believed Mrs. Lunsford and her passenger, and not the bus driver. Our review of the record leads us to the conclusion that the verdict against the C. T. A. was not contrary to the manifest weight of the evidence. Where a fair question of fact is raised by the proof, the Court on appeal will not set aside the jury's finding as being against the manifest weight of the evidence. Hilbert v. Dougherty, 34 Ill App2d 174, 180 NE2d 699.

 The C. T. A. next contends that the attorney for the other defendant, Mrs. Lunsford, made improper remarks in the course of his closing argument which were prejudicial to the C. T. A. and which denied it a fair trial. At the outset, it should be noted that the plain-

219

tiff and her counsel were not responsible for these remarks, and that Mrs. Lunsford, the party whose counsel did make the remarks, is not before us on this appeal. In any case, the remarks which allegedly implied to the jury that the C. T. A. failed to call its bus passengers as witnesses, were as follows:

> Now with reference to how this collision occurred. We had one witness, so to speak, who spoke for the CTA and that is Mr. Hill [bus driver]. Now no one, no one saw this car before the collision and that is including Mr. Hill, and I will get to that point, and that is including Lillian Sumral.
>
> Now here is a bus. Here is a bus driver east on Roosevelt Road with a full load, a standing load, with people seated in the seats by the right windows of this trolley bus. And they are trying to put in the version that a car came to the right of the bus, squeezed in between the bus and that is how the collision occurred; and a full load, a bus filled with people and no one saw this car.
>
> Mr. Denvir [counsel for C. T. A.]: To which I object, your Honor, as to a bus full of people.
>
> Mr. Perrelli [Counsel for Mrs. Lunsford]: And— pardon me?
>
> The Court: All right.
>
> Mr. Denvir: He had an opportunity to call any witness he wanted to. This is improper argument.
>
> The Court: There is nothing in the evidence on that.
>
> Mr. Perrelli: Don't you think with all these people on this bus—
>
> Mr. Denvir: Again, I object, your Honor. I believe you sustained my objection on this type of argument.
>
> The Court: Sustained.
>
> Mr. Perrelli: So I said they had only one witness and that is Mr. Hill.

In Ryan v. Monson, 33 Ill App2d 406, 179 NE2d 449, strongly relied upon by the C. T. A., the Appellate Court remanded the case for a new trial reciting a great many instances of improper conduct by counsel for one of the parties. One such incident condemned by the Court was a comment by counsel to the jury in closing argument that the plaintiff had failed to call a particular witness. The Ryan case, however, is readily distinguishable from the case at bar. In Ryan, the new trial was granted on the strength of a great many instances of deliberate, repeated, and highly prejudicial conduct by counsel in the trial court. The record in this case does not portray a similar degree of misconduct by counsel. We find nothing in the record which prejudically transgressed the limits of legitimate argument. Commonwealth Electric Co. v. Rose, 214 Ill 545, 73 NE 780.

■ The C. T. A. also contends that the attorney for Mrs. Lunsford, in his closing argument, made an improper reference to a deposition by Mrs. Lunsford, with the purpose and effect of conveying to the jury the impression that the contents of the deposition corroborated her testimony. In reliance upon the case of Bulleri v. Chicago Transit Authority, 41 Ill App2d 95, 190 NE2d 476, it is urged that such reference to a deposition which was not in evidence and which would have been inadmissible if offered constitutes reversible error. But here, trial counsel for the C. T. A. interposed his objection to this line of argument before opposing counsel could complete his remarks, and the objection was sustained. In our opinion, this remark had no adverse effect upon the jury.

■ Further objection is made to the admission of testimony by Mrs. Lunsford and by the passenger in her car relating to a conversation between Mrs. Lunsford and the bus driver immediately following the collision. Over repeated objections by counsel for the C. T. A., Mrs. Lunsford's counsel elicited testimony to the effect that the bus

221

driver told Mrs. Lunsford it was unnecessary to call the police, and that if the police came they would take away her license. The Court overruled these objections to the testimony, and the C. T. A. now urges that the testimony was inadmissible and that the Court's rulings constitute reversible error.

The conversation between Mrs. Lunsford and the bus driver did not relate to the circumstances of the occurrence and was irrelevant to any issue in the case. It was therefore improper to elicit testimony as to this conversation. It should again be noted, however, that Mrs. Lundsford is not before us on this appeal, and the improper conduct of her counsel cannot be attributed to plaintiff. But in any case, we are of the opinion that these remarks were not such as would prejudice the jury, and therefore they do not necessitate a new trial.

█ A final contention made by the C. T. A. is that remarks of the trial judge made to the jury after a discussion in chambers went beyond the scope of his ruling and, in effect, nullified the impeachment of the plaintiff. We disagree. We have examined the record as to the conversation in chambers and the proceedings in open court and are of the opinion that the ruling of the Court was not an erroneous statement of law. Furthermore, the controversy related to the question of damages, which is not in issue upon this appeal. No useful purpose will be served by discussing the details.

The judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

MURPHY and KLUCZYNSKI, JJ., concur.