**Robert A. Michalowski, Plaintiff-Appellee, v. Richter Spring Corporation, Defendant-Appellant.**

**Gen. No. 52,716.**

First District, Third Division.

June 26, 1969.

William Elden, of Chicago, for appellant.

Matthew J. Ryan, of Franklin Park, for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a judgment on a verdict for $4,453.19 rendered in favor of Robert Michalowski, a licensed architect, against defendant. Don C. Burns, a draftsman and not a licensed architect, was also originally a party plaintiff but the court dismissed him and the suit proceeded as to Michalowski. On appeal the appellant improperly retained the name of Don C. Burns in the caption as a plaintiff-appellee. Defendant lists eleven contentions under its Points and Authorities and nine contentions under the heading, "Questions Presented," but fails to follow the contentions made in his Points and Authorities as required by Supreme Court Rule 341(e) (5). In using this "shotgun approach," (See Brown v. City of Chicago, 42 Ill2d 501, 250 NE2d 129), the defendant makes it difficult for us to ascertain its precise contentions.

The points which appear to merit consideration are as follows: (1) Because Burns was not an architect, the contract between plaintiff and defendant was void, (2) Evidence of plaintiff's performance prior to the signing of the contract was admitted in violation of the parole evidence rule, (3) The court erred in denying defendant's motion for a directed verdict, (4) The court erred in giving certain instructions to the jury, and (5) Defendant had a right to abandon the contract. The facts follow.

Michalowski and Burns were partners doing business as "Robert Michalowski, architect, and Don Burns, associate." Michalowski did the architectural designing and Burns did the drafting under Michalowski's control and supervision. In December 1963 they met with Max and Arthur Richter, president and secretary, respectively, of the defendant corporation, to discuss the construction of an addition to defendant's plant. Plaintiff estimated

the cost of the addition to be between $75,000 and $80,000 and agreed to perform the architectural services for the project.

In January 1964 Burns brought a set of preliminary drawings to the Richters, who approved them after minor changes. Michalowski and Burns proceeded to prepare the working drawings which were completed near the end of March and sent to general contractors for bids. On March 30, 1964 Michalowski and Max Richter signed a written contract between Richter Spring Corporation and "Robert A. Michalowski, Architect, [and] Don C. Burns, Associate." Richter Spring Corporation recited that it intended to erect a two-story office building and agreed to pay Michalowski and Burns six percent of the construction cost. Michalowski and Burns agreed to perform the architectural services, which included preparation of preliminary and working drawings and supervision of the general administration of the construction contracts. Burns did not sign the contract.

When bids were received, Nuzzo Construction Company which had bid $77,850 was selected as the lowest responsible bidder. Joseph Nuzzo testified that he had submitted his bid on the basis of Michalowski's drawings. In April 1964 Michalowski and Burns met with Nuzzo and the Richters. The Richters indicated that Nuzzo's bid was within their budget and they tentatively decided to go ahead with the project, but as testified to by Arthur Richter, they decided later that month to abandon it and told Burns of their decision in June of the same year. Burns testified that he did not learn of the abandonment until he received a letter from defendant's attorney on September 3, 1964.

Defendant argues that because Burns was not a licensed architect, the contract was illegal and void. It relies on Keenan v. Tuma, 240 Ill App 448, but that case is clearly distinguishable. In the Keenan case the plaintiff was not an architect nor was he working under the con-

454

trol and supervision of an architect. In the instant case Burns did only the drafting and did no architectural designing. He never represented himself as an architect and everything he did was under the control and supervision of Michalowski who *is* a licensed architect. Under these circumstances it is not necessary that Burns also be a licensed architect. People v. Rogers, 277 Ill 151, 115 NE 146; Hayne v. St. Louis, 258 Ill App 38; Ill Rev Stats, c 10½, § 4 (1967). We proceed to consider defendant's contention that evidence of the plaintiff's performance prior to the signing of the written contract was admitted in violation of the parole evidence rule.

■ ■ The parole evidence rule prohibits, with exceptions not applicable here, the admission of extrinsic evidence for the purpose of altering, varying or contradicting the terms of a written contract. 18 ILP, c 10, Evidence, § 251. In the instant case plaintiff introduced evidence of his performance to establish the requisite consideration. The evidence did not vary, alter or contradict any of the terms of the written contract and its admission did not violate the parole evidence rule.

■ Defendant argues next that the court erred in denying the motion for a directed verdict. It contends that under the terms of the written contract it agreed to pay plaintiff six percent of the construction cost of the project and that since the project cost nothing, it owed plaintiff nothing. Defendant's contention apparently is that "construction cost" should be read to mean the amount it actually paid out toward the construction of the project, which is nothing at all. That is not a reasonable interpretation of the contract. Defendant stated in the contract that it intended to erect the structure in question and agreed to pay plaintiff six percent of the construction cost. At that time the cost of the proposed construction was determined by bid to be $77,850. In view of the fact that plaintiff had almost fully performed his part of the contract, it is reasonable to infer that the parties in-

455

tended "construction cost" to mean the amount that construction of the project would cost as determined by the bid and defendant was not at liberty to escape liability by changing its intention to build.

▪ Defendant charges error in the court's refusal to give two tendered instructions. The first instruction follows:

> "The plaintiff has the burden of proving that plaintiff delivered the final plans to defendant and secured his approval of them."

The written contract did not require that plaintiff deliver the final plans to defendant and plaintiff was not required to prove that as part of his case. The obvious reason the parties did not find it necessary to include such requirement in the contract is that plaintiff had already prepared the plans when the contract was signed and there was no further need to deliver them to defendant for approval.

▪ Defendant also charges error in the court's refusal to give the following tendered instruction:

> "You shall also state the proportion in which the amount shall be distributed between the following:
> "Robert A. Michalowski
> "Don C. Burns.
> "The amount allocated to Robert A. Michalowski shall be the amount of damages assessed in this case."

Defendant contends that Michalowski did only a portion of the work for which he seeks to recover and that he should not be permitted to recover for the work done by Burns. That argument ignores the nature of plaintiff's cause of action, which is for breach of a written contract. By the terms of the contract Michalowski agreed that he and his associate Burns would perform various services for the defendant and defendant agreed to pay a set

456

price. Michalowski performed as much of his part of the agreement as he was permitted to do and there is no obligation on the part of defendant to pay Burns.

Defendant's last contention is that the contract was severable and that it had a right to abandon it. It cites Furst v. Board of Education, 20 Ill App2d 505, 155 NE2d 654, to support its contention. That case held that a similar form contract prepared by the American Institute of Architects was severable and that the defendant could abandon it after paying the architect for his services rendered up until the time of abandonment. It is the contention of plaintiff in the instant case that he has fully performed his part of the contract so that even if the contract is severable, he is entitled to recover his full fee. He further contends that even if he did not perform that portion of the contract calling for supervision of construction, he is entitled to recover for the portion of the contract which was performed.

■ Under the contract the plaintiff was obligated to prepare preliminary and working drawings and in addition to supervise the performance of the construction contracts. Burns testified that the charges were divisible as follows: "twenty-five percent of the basic rate for preliminaries, fifty percent, which aggregates to seventy-five percent, for working drawings, twenty-five percent remaining for supervision." It is clear that plaintiff prepared the preliminary and working drawings and was thus entitled to seventy-five percent of the basic rate. It is equally clear however that defendant abandoned the project before plaintiff performed any of his supervisory duties. Under the Furst case plaintiff was not entitled to recover for supervision.

The jury's verdict of $4,453.19 was based on the charge provided for in the contract of six percent of the construction cost ($4,671) plus the amount expended by plaintiff for blue printing ($282.19) and less the amount previously paid by defendant ($500). No allowance was

made for the fact that plaintiff was not called upon to perform that portion of the contract calling for supervision for which, as Burns testified, twenty-five percent of the construction cost ($1,113.30) was generally allowed.

Pursuant to Supreme Court Rule 366(a)(5), the judgment is reversed and the cause is remanded with directions to the trial court to enter a remittitur of $1,113.30 and thereupon enter judgment for $3,339.89.

Judgment reversed and cause remanded with directions.

SULLIVAN, P. J. and DEMPSEY, J., concur.