ETHEL DOUGLAS, Plaintiff-Appellant, *v.* CHICAGO TRANSIT AUTHORITY *et al.*, Defendants-Appellees.

(No. 55088;

First District—January 4, 1972.

*Rehearing denied February 1, 1972.*

Washington, Kennon, Bryant & Hunter, of Chicago, for appellant.

James G. O'Donohue, O. R. Hamlink, Jerome F. Dixon and Charles F. White, all of Chicago, for appellees.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Ethel Douglas brought an action to recover damages for personal injuries suffered when her car collided with a C.T.A. bus on May 21, 1964, at 79th and Cottage Grove Avenue in Chicago. A jury returned a verdict in favor of defendant, C.T.A., the bus driver having previously been dismissed as a defendant. The court entered judgment thereon and denied plaintiff's post-trial motion for a new trial. Plaintiff appeals from the order denying a new trial.

*OPINION*

Plaintiff has presented several arguments in support of her motion for a new trial. First, she urges that the verdict of the jury was against the manifest weight of the evidence. This contention requires a brief review of the evidence.

Three occurrence witnesses testified on behalf of the plaintiff. Ethel Douglas, the plaintiff, testified that at approximately 4:00 P.M. on May 21, 1964, she was driving south on Cottage Grove, enroute to her home. She encountered a red light at 79th and Cottage Grove and stopped behind the crosswalk line, about two feet from the right curb. While waiting for the light to change, she felt a heavy impact on the back of her car and was severely jarred and dazed. An acquaintance of Mrs. Douglas helped her from the car and into a nearby store. There she lost consciousness, and she was taken to a hospital.

Huey Walker was in the vicinity of 79th and Cottage Grove during the afternoon of May 21st. He testified that he witnessed a bus strike a car at the corner, the car having been directly in front of the bus at the moment of collision. The car was identified as that of Mrs. Douglas and the bus belonging to the C.T.A. Walker testified that after the collision he observed that the car had been damaged in the rear.

Richard Cooper was standing on the northwest corner of 79th and Cottage Grove when the accident occurred. He testified that while Mrs. Douglas' car was waiting for the light to change, the bus pulled up behind her. The bus jerked forward and hit her car, knocking it into 79th Street. Cooper also testified that there was damage to the rear of the car.

Several other witnesses testified that the damage to plaintiff's car was concentrated in the rear. None of the plaintiff's occurrence or supplementary witnesses was seriously impeached. However, each of the oc-

currence witnesses was shown to have such affinity with plaintiff's case as would raise the possibility of bias. Plaintiff, of course, had an interest in her own litigation. Huey Walker had been acquainted with plaintiff's attorney for about ten years and had been represented by him on one prior occasion. He also was well acquainted with each of plaintiff's attorney's law partners. Richard Cooper lived in plaintiff's neighborhood and had known her for eight or nine years prior to the accident.

Defendant produced five occurrence witnesses. Walter Scott was the driver of the bus which struck plaintiff's car. He testified that just before the accident he had replaced another driver, who had parked the bus fifteen feet north of 79th and Cottage Grove before being replaced. Scott took over and attended to some paper work as part of the replacement procedure. He then took on new passengers, pulled up to the corner of 79th and Cottage and waited at the red light. When the light changed to green he began accelerating but was immediately cut off by a Cadillac turning right from the lane to his left. As a result, the left front corner of the bus struck the right side of the Cadillac. Scott testified that at the time of the collision the bus had moved only two or three feet and that its speed was no more than one mile per hour.

Four passengers also testified on behalf of the defense. Each supported the substance of the driver's account of the accident. Each testified to witnessing the Douglas car cut in front of the bus immediately before the collision.

■■■ While it would appear that the evidence adduced was weighted in favor of the defendant, it is appellant's contention that the defense testimony was at times incredible and at other times conflicting. We do not agree that the testimony of the bus driver that the Douglas car veered in front of him before he moved more than three feet is inherently incredible. Nor do we believe that variances in defense witnesses' testimony regarding their respective abilities to see the collision and regarding the precise location of the Douglas car before impact seriously detracted from their points of agreement. The evidence presented by defendant raised the following issue of fact: Was the Douglas car stopped directly in front of the bus when it was struck or did it precipitate the collision by veering in front of the bus? The evidence presented by both parties on this issue was conflicting, and it was the sole function of the jury, as the fact finding body in this case, to determine where the truth lay in the conflicting testimony. (*Pfister v. West*, 53 Ill.App.2d 305.) This court will reverse only if its determination was against the manifest weight of the evidence. (*Lau v. West Towns Bus Co.*, 16 Ill.2d 442.) We hold in the instant case that the verdict for defendant was not against the manifest weight of the evidence.

■■■ As a second ground for requesting a new trial, plaintiff cites the failure of the trial court to admit into evidence the police record of the call for an ambulance following plaintiff's collision. For two reasons, we believe that the trial court's ruling did not constitute prejudicial error. First, the evidence sought to be introduced was legally inadmissible. Plaintiff concedes that the police report was hearsay evidence, but contends that it fell within one of the numerous exceptions to the hearsay rule. Her specific reference to the business records exception is clearly misplaced; see Ill. Rev. Stat. 1969, ch. 110A, par. 236(b). The trial transcript reveals no foundation for invoking the exception of "past recollection recorded." The police record was therefore inadmissible hearsay evidence. Second, assuming *arguendo* the admissibility of the report, nonetheless the failure of the trial court to admit it would not constitute reversible error. Plaintiff states in her brief that the purpose for introducing the police report was to reflect the opinion of the reporting policeman that plaintiff had in fact been injured in the collision, thereby rebutting an earlier inference that her injuries had been feigned. However, since plaintiff successfully introduced considerable testimony regarding the extent of her injuries, the police report would have been cumulative. A failure to allow admissible evidence which is merely cumulative is not prejudicial error. *Milner v. Nelson*, 340 Ill.App. 21, 24-25.

■■■ Plaintiff's third contention is that certain remarks by defense counsel during final argument were prejudicial and denied her a fair trial. Plaintiff interposed no objections to one of these remarks and it was not so unwarranted or seriously prejudicial as to require our intervention. (*Kortlander v. C.T.A.*, 56 Ill.App.2d 48, 53.) The other remark, a reference to a Mr. Moore, is recited below in the context in which it was spoken.

"[Defense Counsel]: * * * The plaintiff's friend, and her daughter's friend for many years, Mr. Cooper was in the restaurant, second door north, having lunch with a friend of his, I think he said the name was Moore. He gave his name to you. He told us where he lived. He was also in the trucking business.

He finished eating and went out and was standing on the corner talking to a third man for four or five minutes, right on the corner. He sees a car come up and he is standing two or three feet away and claims here, he still did not recognize the driver as his friend, Mrs. Douglas and the bus stop was two feet away and the light changes and the bus starts and hits this car. It is broad daylight. He goes over and asked to help her out. He takes her to the corner store. We will describe it as a liquor store. He makes these calls and drives the daughter to the hos-

pital. Well, it seems to me unless Mr. Moore was not also a friend, he would be more of a disinterested witness."

Plaintiff argues that the last sentence was a comment on the failure of plaintiff to call Mr. Moore as a witness, which, contrary to Illinois rules of practice, was uttered without a prior showing of control by the plaintiff. (*Wofford v. DeVore*, 73 Ill.App.2d 92; *In re Estate of Sandusky*, 321 Ill.App. 1.) However, we do not share plaintiff's certainty as to the implication or intendment of that remark. When considered in context, it appears conceivable that the remark merely contained an inadvertent transposition of names, or that it was intended only to reflect on the possible bias of the witness, Mr. Cooper. Plaintiff's interpretation might also be correct, but the matter is not free from doubt. Under these circumstances, we do not believe that this remark could have been sufficiently prejudicial to plaintiff's case as to require granting a new trial. *Sumral v. C.T.A.*, 65 Ill.App.2d 217; *Mitchell v. Four States Machinery Co.*, 74 Ill.App.2d 59.

Plaintiff has also objected to the failure of the trial court to admit a repair bill into evidence. This argument is based on proceedings which are not a part of the record in this case, and we accordingly decline to rule on it.

We find no merit in plaintiff's request for a new trial and therefore affirm the judgment.

Judgment affirmed.

LEIGHTON and SCHWARTZ, JJ., concur.