EDITH MERRITT, Plaintiff-Appellee, *v.* HERMAN GREVES *et al.*, Defendants-Appellants.

First District (5th Division)    No. 79-98

Opinion filed December 14, 1979.—Rehearing denied April 29, 1980.

864

Stephen Sonderby, of Chicago (David W. Ott, of counsel), for appellants.

Burke & Burke, Ltd., of Chicago (John M. Burke, of counsel), for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Following a jury trial in a personal injury action involving a vehicle collision, the jury rendered a general verdict against defendants, Herman Greves and Lyman Construction Company, for the sum of $25,000. However, the jury responded affirmatively to a special interrogatory finding that the negligence of plaintiff, Edith Merritt, was the proximate cause of the accident. The trial court entered judgment for defendants.

The trial court then granted plaintiff's post-trial motion and set aside the special interrogatory. It also entered a directed verdict for plaintiff on the question of defendants' liability, upon which it had previously reserved ruling. The general verdict for $25,000 for plaintiff was reinstated. Defendants have appealed generally questioning the evidentiary evaluation upon which the trial court granted recovery to plaintiff.

The accident in question occurred about 6:45 a.m. on March 18, 1974, at the intersection of Wilson Avenue and 15th Place in Chicago Heights, Illinois. Wilson Avenue is a north-south street consisting of one lane of traffic in each direction. It has no marked median line separating the traffic lanes, and there are no stop signs controlling traffic at its juncture with 15th Place; 15th Place is an east-west street, and its traffic flow is controlled by stop signs at the Wilson Avenue intersection.

Plaintiff testified that she awakened about 6:30 a.m., put on a coat and, as was her custom, drove her daughter to her job which was located in the vicinity. Plaintiff was then driving northbound on Wilson Avenue on her way home; as usual there was little traffic on the roadway. As she was driving about one block from 15th Place, she noted the headlights of defendants' truck. Upon entering the intersection in the northbound traffic lane several seconds later she saw these lights through the left portion of her windshield as the truck turned toward her. Her car and defendants' truck collided, and plaintiff suffered head injuries, the extent of which are not disputed. Photographs of her damaged car were presented in evidence and are contained in the record. They show extensive damage to the entire front of that vehicle, although the greater impact appears to have occurred on the driver's side of that car.

Defendants sought to impeach her by her discovery deposition. At that time she said that she could not remember if defendants' truck was moving at the time of the collision.

Herman Greves testified that he was employed by Lyman Construction Company and was driving one of its pickup trucks at the time of the accident. He was on his way to work at a homesite, but he was unfamiliar with the area. Greves therefore would stop at each intersection to read the street signs. Greves claimed that he stopped in the intersection at 15th Place in the southbound lane, and he looked to his left to see the street sign. At that time he saw another vehicle owned by his employer parked nearby. Greves testified that he was not actually turning but was preparing to turn to the left when plaintiff struck the front of his truck pushing it backward about 25 feet. After the accident he noted damage to the driver's side of the front of the truck. Greves denied that he told the police officer, who investigated the accident, that he was making a left turn and did not see plaintiff.

Chicago Heights Police Officer Miterko investigated the accident. He did not recall the accident. But, after refreshing his recollection from his police report, he stated that defendants' vehicle was positioned in a southeasterly direction with the front portion of the truck in the northbound traffic lane after the accident. Plaintiff's car remained in its lane of traffic. Officer Miterko said that Greves told him that he did not see plaintiff as he was making a left turn.

OPINION

Defendants initially contend that the trial court erred in granting plaintiff a directed verdict because the evidence when viewed most favorably to defendants does not so overwhelmingly favor plaintiff that no contrary verdict could ever stand. Plaintiff counters by arguing that there was no evidence that she was contributorily negligent. She points to

defendants' answer to her complaint wherein it was admitted that at the time of the occurrence Herman Greves was in the process of executing a left turn to support her position. This document was not signed by either defendant, but was prepared by defendants' counsel. Plaintiff maintains that this admission irrefutably establishes that defendant turned into her lane of traffic, thereby removing all question of her contributory negligence since that issue was obviously predicated on the claim that she crossed over into the southbound lane of traffic and then impacted with defendants' vehicle.

■■■ In granting post-trial relief the trial court considered the answer to plaintiff's complaint heretofore quoted as an admission, and it appears to have ascribed substantial significance to the matter. Admissions of fact may be made by a party's attorney upon an issue involved in the case; the trial court might consider such statements as clear proof of that issue (*Murphy v. Rochford* (1977), 55 Ill. App. 3d 695, 700, 371 N.E.2d 260), although it has been noted that a pleading should be verified by the party in order to establish that effect (5 Callaghan's Illinois Evidence §10.54, at 355-56 (1964)). However, even assuming that the answer may present a proper question of an admission, examination of the answer does not show that the statement, upon which plaintiff relies, was an unequivocal admission of a pertinent fact. (See *Regas v. Linton* (1979), 72 Ill. App. 3d 7, 13, 390 N.E.2d 509; *Fountaine v. Hadlock* (1971), 132 Ill. App. 2d 343, 347, 270 N.E.2d 222; and *Haskell v. Siegmund* (1960), 28 Ill. App. 2d 1, 11, 170 N.E.2d 393.) The crucial consideration in this case, as defined by the parties, is whether Greves had turned his car into the northbound traffic lane to make a left turn, thereby striking plaintiff, or whether, as Greves testified at trial, he remained in the southbound traffic lane in preparation of making that turn when plaintiff crossed into his traffic lane and struck his vehicle. The mere assertion that Greves "was in the process" of making the turn does not in our opinion connote an unequivocal admission that he had driven the pickup truck into the northbound traffic lane as plaintiff's testimony clearly implied. Defendants' answer should not therefore be afforded controlling significance.

■■ A directed verdict for plaintiff should only be entered on motion of plaintiff when all the evidence is viewed most favorably to the defendants, yet the evidence so overwhelmingly favors plaintiff that no contrary verdict based on that evidence could stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504.) In a jury trial, questions of contributory negligence and the witnesses' credibility are normally to be decided by the jury. (*Ellis v. Howard* (1972), 4 Ill. App. 3d 852, 854, 281 N.E.2d 793; *Douglas v. Chicago Transit Authority* (1972), 3 Ill. App. 3d 318, 321, 279 N.E.2d 44.) Here, the record presents patently conflicting testimony regarding the cause of accident. The evidence,

when viewed most favorably to defendants, does not so favor plaintiff that a contrary verdict for defendants could not stand. We therefore conclude that the directed verdict for plaintiff was inappropriate. See *Newton v. Meissner* (1979), 76 Ill. App. 3d 479, 489-90, 394 N.E.2d 1241.

The next question presented is whether the trial court properly set aside the answer to the special interrogatory. It is well settled that the answer to a special interrogatory controls over a general verdict when the two findings are plainly irreconcilable. (*Estate of Constas v. Constas* (1976), 42 Ill. App. 3d 223, 226, 355 N.E.2d 683.) The special interrogatory will only be set aside where it has no competent evidentiary support or the special finding is against the manifest weight of the evidence. (*Verdonck v. Freeding* (1977), 56 Ill. App. 3d 575, 579, 371 N.E.2d 1109; *Leonard v. Pacific Intermountain Express Co.* (1976), 37 Ill. App. 3d 995, 1004, 347 N.E.2d 359.) "A verdict is against the manifest weight of the evidence when an opposite conclusion is clearly apparent [citation], or the finding of the jury appears to be unreasonably arbitrary and not based on the evidence." *Nowakowski v. Hoppe Tire Co.* (1976), 39 Ill. App. 3d 155, 158, 349 N.E.2d 578.

Plaintiff's theory of the case was that Greves turned his vehicle into her car, which was in the proper lane, without adequate warning thereby causing injury to her. Defendants, however, took the position that plaintiff was not maintaining a proper lookout because she knew the traffic at that time of day was not heavy and she thereby inadvertently crossed into the southbound lane of traffic striking defendants' truck. Defendants' theory is supported by Greves' testimony that he stopped his truck in the proper lane and was positioned there when plaintiff struck his truck causing damage to the front portion of the driver's side and pushing his truck backwards. As defendants' counsel noted in closing argument, photographs of plaintiff's vehicle show damage to almost the entire front of plaintiff's vehicle, and from this it might be reasonably inferred the collision was head-on in nature rather than having Greves turn his truck into plaintiff's car. Perhaps the general verdict reflected the mistaken belief that Greves' failure to see plaintiff before the collision showed that he was negligent. However, we cannot say that the special finding was arbitrary or so unreasonable as to be against the manifest weight of the evidence.

Accordingly, the judgment of the circuit court is reversed and the cause remanded with directions to reinstate the judgment for defendants.

Reversed and remanded with directions.

LORENZ and MEJDA, JJ., concur.