BAKER-WENDELL, INC., Plaintiff-Appellant, *v.* EDWARD M. COHON & ASSOCIATES, LTD., Defendant-Appellee.

First District (2nd Division)    No. 80-2284

Opinion filed September 29, 1981.

Thomas M. Joyce, Ltd., of Chicago, for appellant.

Much, Shelist, Freed, Denenberg, Ament & Eiger, P. C., of Chicago, for appellee.

Mr. PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff Baker-Wendell, Inc., professional architects, sought to recover from defendant Edward M. Cohon & Associates, Ltd., ostensibly a partner in the Woodlawn Commons Partnership, owner of Woodlawn Commons, Fairfax County, Virginia, fees and expenses for professional architectural services allegedly rendered to defendant in connection with a Federal Housing Authority (FHA) building project that was never begun. Plaintiff appeals from an order which granted defendant's motion for judgment on the pleadings and raises the issue of whether there are material issues of fact set forth by the pleadings precluding the entry of such judgment. For the following reasons, we affirm.

On October 7, 1977, plaintiff filed a verified complaint against defendant alleging that on May 12, 1972, plaintiff entered into an agreement in writing with defendant in which plaintiff agreed to render architectural services as set forth in Exhibit A of the complaint. Exhibit A was a letter from plaintiff addressed to Edward M. Cohon of defendant firm, regarding the proposed project, and contained plaintiff's proposal to perform the following services: plaintiff will act as supervising architect as per FHA requirements and provide liaison between FHA and defendant during the design stage; as agent for defendant, plaintiff will assist in obtaining permits, plan approvals, sewer rights, etc., as required, all permit fees and charges to be borne by the sponsor; in consideration for the above, plaintiff is to receive the fee as allowed by FHA for supervising architect; and, the cost of long distance calls and travel are to be borne by defendant. The letter was dated May 1, 1972, and was accepted May 12, 1972.

Plaintiff's complaint further alleges that in reliance on the foregoing agreement, it performed "a variety of professional services" for defendant between May 12, 1972, and March 31, 1973, expending time and effort having a value of $4,137, as set forth in Exhibit B of the complaint. Exhibit B was a letter from M. W. Wendell of plaintiff firm to defendant regarding the Woodlawn Commons project dated January 8, 1974, which purported to be an itemized statement of money due for professional services: "principals time from Apr. 1972 thru Mar. 1973 98 hrs. @ $35.00/hr.," plus expenses, prints, postage rendering and "Keeler & Assoc.," totalling $4,137. Plaintiff demanded payment of said sum and sent defendant a statement of account, but defendant failed to pay said indebtedness. Plaintiff demanded judgment for $4,137, plus interest.

Defendant filed a motion to dismiss the complaint on December 1, 1977, alleging that: the complaint did not state the amount of the fee allowed by FHA; plaintiff performed no supervisory services; no fees were in fact allowed by FHA or paid by the owner; and, plaintiff did not supervise construction of the project since the project was never constructed. On March 8, 1978, the court granted defendant's motion and gave plaintiff leave to amend the complaint.

On March 27, 1978, plaintiff filed an amended verified complaint alleging that: plaintiff performed professional services at defendant's request from April 1972 through March 1973, such as reproducing blueprints, proofreading and studying blueprints, engineer site work, land surveys and soil tests; defendant had represented to plaintiff that it intended to build an apartment project and the services requested were in connection therewith; defendant had orally agreed on April 1, 1972, via a telephone conversation between representatives of plaintiff and defendant respectively, that defendant would recompense plaintiff for services whether or not the project was built; the project was abandoned by defendant before construction began; plaintiff sent defendant a statement in January 1974 of charges for services performed as of that date, a copy of which was attached as Exhibit A; defendant had already paid for a portion of services rendered prior to the submission of the statement; and there is presently past due and owing from defendant to plaintiff for said professional services, and upon an account stated, $4,137, which defendant had refused to pay. No reference was made in the amended complaint to the latter agreement identified as Exhibit A in the initial complaint, nor was a claim made for services as supervising architect. Exhibit B of the original complaint, comprising the statement of charges, was attached to the amended complaint as Exhibit A.

In its answer, defendant denied the alleged oral agreement between the parties and denied owing plaintiff money for services rendered on an account stated. As an affirmative defense defendant claimed that plain-

tiff's May 1, 1972, letter of proposal, accepted by defendant, formerly attached as Exhibit A to plaintiff's original complaint, provided that plaintiff shall receive as compensation for its services a sum as allowed by FHA and asserted that no such sum had been allowed. Under the terms of its own agreement, defendant charged, plaintiff was not entitled to any payment for its services. Plaintiff's letter was made Exhibit A of the affirmative defense. Plaintiff did not file a reply to defendant's affirmative defense.

On July 16, 1980, defendant moved for judgment on the pleadings on the grounds that plaintiff's claim for an account stated was without merit since defendant did not agree or acquiesce to said account stated and, the failure of plaintiff to reply to the allegations of defendant's affirmative defense constituted an admission of the truth of "new matter," *i.e.*, the fact of an express contract in effect between the parties, raised therein.

Plaintiff filed a motion to dismiss defendant's motion for judgment on the pleadings and argued that: no new matter was presented in defendant's answer; the "express contract" alluded to by defendant raised issues of fact, and moreover, has been superseded by a later instrument, attached to plaintiff's motion as Exhibit A; the sums demanded by plaintiff were payment for services other than those contemplated in either instrument; and, assuming *arguendo* the existence of an express contract, plaintiff could still recover on the basis of *quantum meruit*.

The court granted defendant's motion for judgment on the pleadings on July 16, 1980, from which this appeal proceeds.

■■ Defendant was authorized to move for judgment on the pleadings under section 45(5) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 45(5)). A motion for judgment on the pleadings: requires an examination of the pleadings to determine the existence or absence of an issue of fact, or whether the controversy can be resolved solely as a matter of law, or not; admits all well-pleaded facts set forth in the respondent's pleadings; draws all fair inferences from the respondent's pleadings; and contemplates that the moving party is entitled to judgment as a matter of law. See, *e.g.*, *Quaintance Associates, Inc. v. PLM, Inc.* (1981), 95 Ill. App. 3d 818, 821, 420 N.E.2d 567.

■■ In the present case, the May 1972 letter agreement, drafted by plaintiff and signed by defendant, was made part of plaintiff's initial verified complaint as Exhibit A, and was subsequently raised as an affirmative defense in defendant's answer to plaintiff's amended verified complaint. An allegation in paragraph 2 of the initial complaint asserts that "Between 12 May 1972 and 31 March 1973, the Plaintiff, in reliance on this agreement, performed a variety of proffessional [*sic*] services for the Defendant and thereby expending [*sic*] considerable time and effort thereon to the amount and value of $4137.00 as set forth more fully in

Plaintiff's Exhibit 'B' attached hereto." Under section 36 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 36), Exhibits A and B, the contract and statement of charges attached to the complaint, became a part of that pleading for all purposes. *Panorama of Homes, Inc. v. Catholic Foreign Mission Society, Inc.* (1980), 84 Ill. App. 3d 142, 145, 404 N.E.2d 1104; *Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 390 N.E.2d 428.

■■ Exhibit A sets forth the obligations of plaintiff to provide professional services in connection with the Woodlawn Commons FHA project and makes the following provision: "In consideration for the above Baker-Wendell, Inc. is to receive the fee as allowed by FHA for supervising architect." Exhibit B, the statement of charges, contains the assertion: "I am submitting this statement of money due for professional services in connection with Woodlawn Commons," and lists, in addition to other items, "Principals time from Apr. 1972 thru Mar. 1973 98 hrs. @ $35.00/hr. $3,430.00." The total amount due as shown by Exhibit B is $4,137. The foregoing sworn allegations constitute judicial admissions by plaintiff that the services rendered in connection with Woodlawn Commons were those executed pursuant to and in reliance upon the May 1972 written contract, Exhibit A.[1] These judicial admissions had the effect of withdrawing those facts from issue and dispensed wholly with the need of their proof. (*Precision Extrusions, Inc. v. Stewart* (1962), 36 Ill. App. 2d 30, 50, 183 N.E.2d 547.) Further, those admissions remained binding upon plaintiff ever after its filing of an amended complaint. (*Farwell Construction Co. v. Ticktin* (1978), 59 Ill. App. 3d 954, 958-59, 376 N.E.2d 621.) When considered together with the concessions made by plaintiff that it never performed any duties as a supervising architect, nor demanded payment for such services; that the project was never built; and that the FHA never allowed any fees for a supervising architect, it becomes clear that the trial court's decision to grant judgment on the pleadings was correct.

The amended verified complaint omitted the attachment of the May 1972 contract as an exhibit, but did include the previous Exhibit B, the January 8, 1974, statement of charges, which it now denominated Exhibit A of the amended complaint. That exhibit contained the very same elements of charges, including the time expended by the principal, with identical dates, and the identical total, $4,137. The amended complaint alleged, however, that: "The Defendant orally agreed on 1 April 1972 via a telephone conversation between Mr. Cohon of Defendant corporation

---

[1] Each complaint filed by plaintiff in the case *sub judice* was signed and sworn to by plaintiff's attorney. No suggestion was made before the trial court or on appeal that he was without authority to do so or lacked requisite knowledge. Indeed, plaintiff relies upon its amended complaint signed and sworn to by the same attorney as the basis for its recovery. Admissions of fact binding upon a party may be made by an attorney in a pleading. *Merritt v. Greves* (1980), 82 Ill. App. 3d 863, 866, 403 N.E.2d 475.

and Mr. Wendell of the Plaintiff corporation that the requested services Plaintiff agreed to provide would be paid for by the Defendant whether said project was ultimately built or not." The amended complaint went on to allege that: "In January of 1974, the Plaintiff sent to the Defendant a written statement of services performed and monies owed the Plaintiff therefore [*sic*] as of that date, a copy of which is attached hereto as Plaintiff's Exhibit A and by reference made a part hereof." Thus, the same services for which plaintiff sought recompense in its 1974 statement of charges, which plaintiff swore in its initial complaint were rendered in reliance upon the May 1972 contract, were now alleged to have been performed as a result of an April 1972 telephone conversation, in its amended verified complaint. Plaintiff may not both "hold with the hare and run with the hounds."

■■■ To defeat recovery, a party's judicial admission must: be deliberate; relate to concrete facts; and not amount to matters of opinion, estimate, appearance, inference or uncertain summary. (*Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1979), 71 Ill. App. 3d 562, 569, 390 N.E.2d 60.) Admissions by a party which are so deliberate and unequivocal as to matters within its knowledge will be deemed to conclusively bind that party and it will not subsequently be heard to contradict those admissions. (*Haskell v. Siegmund* (1960), 28 Ill. App. 2d 1, 11, 170 N.E.2d 393; *Meier v. Pocius* (1958), 17 Ill. App. 2d 332, 335, 150 N.E.2d 215.) Plaintiff's admission in its initial verified complaint that it relied upon the May 1972 written contract for which its January 1974 statement of charges was made, and the concomitant understanding that plaintiff was to receive only those charges permitted by the FHA, are so unequivocal and deliberate as to preclude a subsequent allegation in its amended complaint that the very same charges were incurred by defendant as a result of a previous telephone conversation set forth in the amended complaint. Plaintiff will not be invited to change its sworn allegations or to reconstruct them so as to avoid the consequences of its previous sworn pleading. *Meier v. Pocius* (1958), 17 Ill. App. 2d 332, 335.

Plaintiff seeks to create an issue of fact with respect to whether the claims raised under each of its complaints are in reality claims for different services, denominated "preliminary," "supervisory," "architectural" and "professional." The fact that the charges made in its January 1974 statement are identical in each complaint topples defendant's effort to differentiate those services, particularly since plaintiff first swore that the services rendered were in reliance upon the May 1972 contract in its initial complaint.

Plaintiff asserts that the wording of its letter contract and statement for services rendered cannot be construed, as a matter of either fact or law, as an admission that regardless of its performance, plaintiff might or

might not be paid for its services, and it seeks to apply the rules of construction laid down in *Furst v. Board of Education* (1959), 20 Ill. App. 2d 205, 155 N.E.2d 654. Among the points made in *Furst* is that any ambiguity in a contract is to be construed most strongly against the party who prepared it, in this case plaintiff. Further, in *Furst* plaintiff's judgment for payment for certain architectural services was reversed and a written contract which expressly provided that the architect would be paid only for those services performed prior to the abandonment or suspension of a project were express provisions within which plaintiff's right to recover was limited. Plaintiff's reliance upon *Stark v. Ralph F. Roussey & Associates, Inc.* (1975), 25 Ill. App. 3d 659, 323 N.E.2d 826, is also misplaced. In *Stark*, the appellate court held that the trial court erred in having granted plaintiff damages on the basis of *quantum meruit*, rather than in accordance with the terms of the written contract agreed to by the parties. Nor is the third case cited by plaintiff of any aid to its position, since *Michalowski v. Richter Spring Corp.* (1969), 112 Ill. App. 2d 451, 251 N.E.2d 299, also held that the written contract controlled plaintiff's entitlement to damages. The contract there established payment of a percentage of the "construction cost" but did not define that term, and the appellate court recognized that since the defendant there owned the project and controlled its fate, defendant would not be allowed to escape liability by changing its intention to build.

■■ It is clear from the verified pleadings and exhibits in the instant case that plaintiff was to have been allowed fees for services rendered upon the approval of the FHA. That approval, both parties acknowledge, was never forthcoming. We find no error in the trial court's entry of judgment on the pleadings which, accordingly, must be affirmed.

Affirmed.

STAMOS and PERLIN, JJ., concur.