MARY E. WILLIAMSON, Plaintiff-Appellee, *v.* THE CITY OF SPRING-
FIELD *et al.*, Defendants-Appellants.

Fourth District No. 4—83—0776.

Opinion filed June 29, 1984.

Gillespie, Cadigan & Gillespie, of Springfield (Robert E. Gillespie, Susan M. Hickman, and T. Jeannine Garrett, of counsel), for appellants.

Robert G. Heckenkamp, of Heckenkamp & Simhauser, P.C., of Springfield, for appellee.

JUSTICE WEBBER delivered the opinion of the court:

Plaintiff, Mary Williamson, brought suit for injuries sustained as a result of being struck by a motor vehicle operated by defendant, Thomas Marvel, as an agent of defendant, city of Springfield. The jury returned a verdict in favor of defendants, finding that they had committed no acts of negligence constituting a proximate cause of plaintiff's injuries. The trial court granted plaintiff's motion for a new trial, ruling that the verdict was against the manifest weight of the evidence. The court also found that two comments made by defense counsel during closing argument were so prejudicial as to deny plaintiff a fair trial. Defendants appeal from this order pursuant to Supreme Court Rule 306 (87 Ill. 2d R. 306). We affirm.

On June 25, 1982, plaintiff was struck by an automobile driven by defendant, Marvel, as she crossed Sangamon Avenue near its intersection with Cahokia Drive in the city of Springfield, Illinois. Marvel was employed as a field commander with the Springfield police department. On the date of the accident, it was his duty to supervise officers assigned to control traffic generated by a car craft show that had begun at the Illinois State fairgrounds. Marvel was driving a city police car westbound on Sangamon Avenue. He struck the plaintiff as he approached its intersection with Cahokia Drive.

At the point where the accident occurred, Sangamon Avenue is a flat, straight, two-lane roadway, running east and west. Cahokia Drive is not a through street; it forms a T-intersection with Sangamon Avenue and leads north to a residential area known as Indian Hills subdivision. There were no traffic control devices at the intersection. Neither were there any marked crosswalks; however, it was established that pedestrians did cross Sangamon Avenue at the intersection from

a driveway located at 2328 Sangamon Avenue.

On the morning of June 25, 1982, plaintiff, an 82-year-old woman, walked to a beauty shop located on 24th Street, south of Sangamon Avenue. Plaintiff's home was on Cahokia Drive and she proceeded to the driveway at 2328 Sangamon Avenue where she waited for traffic to clear so that she could walk across the street. Rebecca Dilley, who was standing in her yard at the corner of Sangamon Avenue and North 24th Street, was an eyewitness to the occurrence. She estimated that plaintiff watched traffic for approximately 10 minutes before she started across Sangamon Avenue. Once she entered the street, Dilley testified that plaintiff did not again check for traffic. When she was nearly across the westbound lane, plaintiff was struck by the vehicle driven by Marvel. She was thrown several feet into the air and landed upon the hood of Marvel's car. Her body caused sizable dents in both the front of the car and on the back of the hood, near the windshield, where she landed. Dilley was the first person at the scene. She testified that when Marvel exited his car, he said to her three times: "Becky, I didn't see her." On one occasion, the statement was overheard by Dilley's husband, Officer Robert Dilley. Officer Dilley rendered assistance to the plaintiff and called emergency vehicles to the scene on a hand-held radio.

At the time of the occurrence the traffic on Sangamon Avenue was heavy. The witnesses who testified concerning the speed of the traffic agreed that it was going about 20 to 25 miles per hour. The car driven by Marvel stopped almost immediately after impact. Marvel contended that he was traveling only 20 miles per hour prior to the accident. He claimed that he first saw the plaintiff when she was about 30 feet away. However, it was established that there were no trees or shrubbery at or near the intersection which would have blocked his view of plaintiff. Marvel testified that he slammed on his brakes but was unable to stop in time. He estimated that he was traveling only five miles per hour at the time of impact.

The jury returned a verdict in favor of both defendants and against the plaintiff. Judgment was entered on the jury's verdict. The trial court, however, granted plaintiff's post-trial motion and ordered a new trial.

Defendants argue that the court erred in setting aside the jury's verdict. Defendants also contend that any impropriety in defense counsel's closing remarks to the jury did not warrant the granting of a new trial.

The jury in this case was instructed on the law of comparative negligence. Defendants complain that the trial court, when granting

the plaintiff's motion for a new trial, improperly determined that Marvel must have been responsible for plaintiff's injuries to some degree. Relying on cases from other jurisdictions, defendants argue that the apportionment of negligence in comparative negligence cases is a matter within the province of the jury and should be overturned by a reviewing court only when the apportionment is manifestly against the weight of the evidence. (See *Jagmin v. Simonds Abrasive Co.* (1973), 61 Wis. 2d 60, 211 N.W.2d 810; *Bourassa v. Gateway Erectors, Inc.* (1972), 54 Wis. 2d 176, 194 N.W.2d 602.) In this case, defendants urge that the verdict of the jury was supported by the evidence.

The case of *Coleman v. Hermann* (1983), 116 Ill. App. 3d 448, 452 N.E.2d 620, is cited by defendants as analogous. In *Coleman*, the plaintiff brought suit to recover damages for personal injuries sustained in a pedestrian-automobile accident. The accident occurred on a flat, two-lane highway during early evening. As the plaintiff was driving in an easterly direction, the car in front of him collided with a deer. The plaintiff stopped his car, exited it, and walked towards the deer in the center of the road. He was then struck by defendant's automobile. The jury found for the defendant, and the trial court entered judgment on the jury's verdict. The plaintiff appealed, contending, in part, that the verdict was against the manifest weight of the evidence. In affirming the trial court's judgment, the appellate court held that from the evidence presented, the jury could have concluded that defendant could not be expected to have anticipated the actions of the plaintiff and therefore should not be held negligent. Defendants argue that the holding in *Coleman* illustrates that, in an appropriate factual setting, a jury may still find for the defendant in an automobile-pedestrian case, even under a system of comparative negligence. Defendants argue that the jury, in the present case, could have found that Marvel was not negligent because he failed to see or look for a pedestrian who unexpectedly appeared in his line of traffic.

■ However, we do not regard the evidence in this case as establishing a situation in which a pedestrian darted into traffic, thereby causing an unavoidable accident. The law does not permit the driver of an automobile to blindly proceed down a roadway and then claim that he looked and did not see. (*Grass v. Hill* (1981), 94 Ill. App. 3d 709, 418 N.E.2d 1133.) The evidence established that the 82-year-old plaintiff managed to cross an entire lane of traffic before being struck by Marvel's automobile. The road upon which Marvel was traveling was straight and level; his view was apparently unobstructed. Marvel admitted at the scene that he did not see the plaintiff in time to avoid

the accident. The decision of a trial court to grant a new trial is an exercise of discretion which should not be disturbed unless a clear abuse of that discretion is shown. (*Ervin v. Sears, Roebuck & Co.* (1976), 65 Ill. 2d 140, 357 N.E.2d 500.) While we agree with defendants that plaintiff's failure to make sure her way was safe after entering into the street may well have been regarded by the jury as a contributing cause of her injuries, given the evidence of defendant's negligence, we cannot say that the trial court erred when granting a new trial. This is not to say that application of comparative negligence principles to a personal injury action will always result in a certain degree of fault being apportioned to the defendant. We simply hold that on the facts before us, the trial court did not abuse its discretion when concluding that the jury's verdict which allocated all fault to the plaintiff could not stand.

 █ The remaining issues may be dealt with summarily. The trial court also found that two remarks made during closing argument to the jury were prejudicial and required a new trial. The first allegedly improper statement by counsel for defendants was as follows:

> "Now, the circumstances of those crossings are very bad. The State of Illinois has not placed traffic signals or anything else, but that isn't the issue in the case. You have to deal with the circumstances that you have and that are existing in the case, and that is what it is. As bad as they are, this is what it is. Whether that should be changed or whether something should be done about it is a time for another court, another jury, another date. It doesn't have anything to do with this case which is solely concerned with the conduct of Tom Marvel."

The following comments were made when defense counsel was arguing the question of damages to the jury:

> "Now, exercising your duties as jurors and in circumstances like this, could not be—could not be more difficult, but it's the courage to do this that makes a difference. When you throw a pebble into a pond, the ripples go out and affect a lot of people, a lot of other cases, and I assure you that your verdict in this case will affect a lot of people in a lot of other cases. So, it's just not acting in terms of one woman, it's acting in terms—."

The trial court found that the first remark was prejudicial because it suggested to the jury that plaintiff had another cause of action against another party or parties for her injuries. We note, however, that the remark was unobjected to at trial and in and of itself would not have amounted to reversible error. In the second remark, counsel argued to the jury that the outcome of this lawsuit would have a rip-

ple effect upon other cases. This kind of argument is clearly improper and should be avoided upon remand.

■ Plaintiff also asserts several alternative grounds not relied upon by the trial court which she contends support the granting of a new trial. For the reasons already stated, we are persuaded that a new trial was properly granted. To assist the trial court during re-trial, we will address plaintiff's alternative arguments briefly. She complains that the trial court erred in allowing defendants to amend their answer to her complaint. In their original answer, defendants admitted the following allegation of fact: "At said time and place, Plaintiff was a pedestrian crossing Sangamon Avenue, from south to north, in the crosswalk at the west side of Cahokia Drive." Defendants were permitted to amend their answer, denying this allegation of fact, thereby requiring plaintiff to proceed with evidence that she crossed Sangamon Avenue at a crosswalk. Plaintiff complains that this error was compounded when she was further prohibited from introducing the prior answer into evidence. We decline to hold that the trial court erred by allowing defendants to amend their answer. However, we believe that the admission contained in the original pleading, even if withdrawn or amended, was admissible against defendants, not as a judicial admission, but as an admission against interest. Accordingly, the refusal of the trial court to admit into evidence the original answer filed by defendants was error. See *Grass v. Hill* (1981), 94 Ill. App. 3d 709, 418 N.E.2d 1133.

■ Plaintiff also contends that the trial court committed error in granting defendants' motion *in limine*, barring introduction of evidence of a traffic accident report prepared by the city of Springfield police department. When offered to prove the truth of matters recited therein, such reports, like all public records, are hearsay. (*Douglas v. Chicago Transit Authority* (1972), 3 Ill. App. 3d 318, 279 N.E.2d 44.) Such reports are expressly excluded from the public records exception to the hearsay rule. (See 87 Ill. 2d R. 236.) However, such reports could be admissible under some other exception to the hearsay rule or when offered for purposes other than to show the truth of the matters set forth therein. Whether this evidence should be admitted upon retrial should depend upon the purpose for which it is offered and the foundation which is laid at retrial.

■ She also contends that the trial court erred in giving various instructions which dealt with the standard of care required of a pedestrian when crossing a street. Plaintiff also complains about the omission of an instruction dealing with a defendant's common law duty of care as the operator of a vehicle. Suffice it to say that we have exam-

ined the instructions that were given by the trial court and conclude that they fairly apprised the jury of the applicable law.

For all the foregoing reasons, the judgment of the circuit court of Sangamon County is affirmed.

Affirmed.

MILLS, P.J., and GREEN, J., concur.